# Jackson v. The State.

*Indictment for Murder.*

1. *Constitutional law; validity of act changing boundary line between two counties; when amendment valid though not shown to have been passed by two-thirds vote.*—The act "to change the boundary line between the counties of Blount and Cullman, approved March 5, 1901," (Acts of 1900-1901, p. 2051), was passed by the House of Representatives and afterwards by the Senate with an amendment thereto, as shown by the Journal of the House by a two-thirds majority of each House. The nature of the amendment was not shown by the Journal of either House, but the Senate amendment to the bill was concurred in by the House by a majority vote only, and not a two-thirds vote. *Held:* That the concurrence by the House in the amendment by less than two-thirds vote, was not in violation of the Constitution, (Art. II, § 2; Art. IV, § 22), and did not render the law invalid as affecting a change of boundaries without a two-thirds vote of each House, but that it would be presumed that the amendment was a modification of the bill in some respects in affecting the boundaries which could be concurred in by a majority vote.

2. *Same; legislative enactment; how proceedings shown; parol evidence inadmissible.*—The Journals of the Senate and House are the only competent evidence of legislative proceedings in reference to the amendments of a bill in the course of its passage, and parol evidence is inadmissible on an issue as to the validity of the enactment of a statute and the character of an amendment thereto, though the character thereof is not shown by the Journals of either house.

[Jackson v. The State.]

3. *Same; act to change boundary line between counties not invalid because made dependent upon vote to be subsequently taken.*—The act of the General Assembly "to change the boundary line between Blount and Cullman counties, is not rendered invalid as a delegation of legislative powers by reason of the provisions that the change of boundaries therein provided for should not become operative until approved by a two-thirds vote of the qualified electors in the affected district in its favor at an election to be held at the time fixed in the act.

4. *Jury and jurors; competency thereof.*—Jurors residing in a portion of a county which has been attached to another county before they are drawn and summoned as jurors are disqualified, and subject to challenge for cause.

5. *Homicide; venue of offense.*—A homicide occurring in that portion of Blount county proposed by an act of the Legislature to be transferred to Cullman county, (Acts of 1900-1901, p. 2051), on the day of the election required by the act to determine if such portion of Blount county should be transferred to Cullman county, and before the polls were closed is committed in Blount county, and the jurisdiction of the offense is in that county; since it could not be determined that there had been any change of territory until after the election had been held.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. J. A. BILBRO.

The appellant, Andrew Jackson, was indicted and tried for the murder of Dock McBride, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years. The facts relating to the questions reviewed on the present appeal are sufficiently shown in the opinion.

GEORGE H. PARKER and W. L. MARTIN, for appellant, cited *State v. Buckley,* 54 Ala. 599; *Dunbar v. Frazer,* 78 Ala. 538; *Stein v. Leeper,* 78 Ala. 517; *Hall v. State,* 82 Ala. 562; *Clark v. Jack,* 60 Ala. 271; *Standfill v. Court of County Rev.,* 80 Ala. 287; *Dunn v. Court of County Com.,* 85 Ala. 144; *McGraw v. County Com.,* 89 Ala. 407; *Williams v. Board of Rev.,* 123 Ala. 432, 438; *State v. Crook,* 126 Ala. 600, 613; *People v. McFadden,* 81 Cal. 489, 15 Am. St. Rep. 66; 7 Am. & Eng. Ency. Law (2nd ed.) 910.

CHAS. G. BROWN, Attorney-General, R. T. ROBINETT and EMERY C. HALL, for the State, cited Acts 1900-1901, p. 2051; *Clark & Murrell v. Port of Mobile,* 67 Ala. 217, 220; *Schultes v. Eberly,* 82 Ala. 242; Cooley's Const. Limitations (6th ed.) 137-146; *Parker v. Commonwealth,* 47 Am. Dec. 480; Sedgwick on Stat. & Const. Law, 164-165-166; *Powell v. State,* 69 Ala. 10-13; *Carlisle & Jones v. Godwin,* 68 Ala. 137-139; 23 Am. & Eng. Ency. Law 306-309-319.

DOWDELL, J.—The validity of the act approved March 5, 1901, entitled "An act to change the boundary line between the counties of Blount and Cullman," (Acts 1900-1901, p. 2051), is the sole question presented for consideration. The question was raised in the court below by the defendant, appellant here, on his challenge for cause of certain named jurors that were put on him, and who, at the time they were summoned, as well as at the time of the trial, were residents of the territory cut off by said act from the county of Blount and added to the county of Cullman. The right of challenge for cause was denied to the defendant by the circuit court, and in so doing said court determined the invalidity of said act.

As shown by the journals of the house and senate, the following facts, relating to the passage of the act, are disclosed: The bill originated in the house as House Bill 1298, and was introduced and read for the first time and referred to the committee on counties and county boundaries on February 7, 1901. On February 9th, it was reported favorably with substitute, read the second time and substitute adopted, and on February 20th, the bill was read the third time and passed by a two-thirds majority of the house. It was then sent to the senate, where it was on February 26th read the first time and referred to the committee on municipal and county organizations, and on February 27th, it received a favorable report from said committee, and was read the second time. On February 28th, it was taken up, the amendments offered by the committee were adopted, the bill then read for the third time and passed by a two-thirds majority in the senate. The bill was

then sent back to the house, and on the same date, February 28th, that body concurred in the senate amendment by a majority vote only, taken on the yeas and nays.

It is insisted on the part of the State that the vote by which the house concurred in the senate amendments, being less than two-thirds, was not in accordance with the requirements of section 2 of Art. II of the constitution, while it is insisted on the other hand that the bill, having received a two-thirds majority on third reading in both houses and a majority vote on concurrence, in accordance with section 22 of Art. IV, was a strict compliance with the provisions of the constitution in the passage of said act.

Section 2 of Art. II contains the following provision: "The general assembly may, by a two-thirds vote of both houses thereof, arrange and designate boundaries for the several counties of this State, which boundaries shall not be altered except by a like vote," etc. Section 22 of Art. IV provides: "No amendments to bills by one house shall be concurred in by the other except by a vote of a majority thereof, taken by yeas and nays, and the names of those voting for and against recorded upon the journals; and reports of committees of conference shall in like manner be adopted in each house."

To the journals only, of the two houses, which constitute the memorial of legislative proceedings, can we look to ascertain the nature, character and extent of amendments made to a bill in the course of its passage. And where the journals fail to disclose the nature and character of the amendment, it is not permissible to resort to other evidence for that purpose.—*Ex parte Howard-Harrison Iron Co.*, 119 Ala. 484. In the present case, it is not shown by the journal of either the house or senate in what the senate amendment to the bill consisted. For aught that we can know the senate amendment in nowise changed the boundary line, nor the conditions provided upon which the act should become operative, fixed in the bill as it passed the house on third reading by the requisite two-thirds majority. The act contains provisions to which the senate amendment may have related, that do not affect the question

of a change of boundary, or the conditions upon which the change of boundary should take effect, for instance section 5, which is merely declaratory of the intention of the act, or the amendment may have consisted in a change of phraseology in the bill without in the slightest degree altering any of its provisions. There is no requirement in the constitution that the journals shall show in what amendments made to bills consist. And where the journals are silent in this respect the presumption will not be indulged that the legislature has violated the constitution, but on the contrary the courts will presume that constitutional requirements in the passage of the law have been complied with. If the senate amendment did not affect the provisions of the bill in respect to the change of boundary, or the conditions upon which the change should take effect, as the bill passed the house, and, in the absence of any evidence to the contrary shown by the journals, in order to sustain the validity of the enactment, it will be presumed that it did not, then a majority vote taken by yeas and nays on concurrence in the senate amendment, and the names of those voting for and against recorded upon the journals under section 22 of Art. IV, was a compliance with the constitutional requirements in the enactment of the statute.

That the act provided for an election to be held in that portion of the territory of Blount cut off by the act and added to the county of Cullman, before the change in territory should become operative, was not offensive to any constitutional provision. The act was complete in itself, and a suspension of its operation until the proposed change should be determined by a two-thirds majority vote of the qualified voters in the affected district in its favor at a time fixed by the act was not an unauthorized delegation of legislative power. *Clark v. Jack*, 60 Ala. 271; *Stanfill v. Court of County Rev.*, 80 Ala. 287; *Dunn v. Court of County Rev.*, 85 Ala. 144; *McGraw v. County Commissioners*, 89 Ala. 407; *Williams v. Board of Rev.*, 123 Ala. 432; *State v. Crook*, 126 Ala. 600; *People v. McFadden*, 81 Cal. 489, 15 Am. St. Rep. 66; 7 Am. & Eng. Ency. Law (2nd ed.), 910.

The five jurors that were challenged being at the time they were drawn and summoned and at the time of the trial residents of the territory cut off from Blount and added to Cullman county were subject to challenge for cause, and the court erred in denying this right to defendant.

The bill of exceptions states that "the evidence showed that the defendant unlawfully and without justification killed the deceased, Dock McBride, in an altercation by shooting him with a gun on the 23rd day of April, 1901, the day of the election held in said district proposed to be cut off from Blount county and attached to Cullman county, at one of the places in said district where said election was held, and which was at the time in the western division of Blount county, Alabama, and is now if the act of the legislature in reference to a change of the boundary line between Blount and Cullman counties is invalid." By this it is made clearly to appear that the killing took place in Blount county, and the jurisdiction of the offense was and is necessarily in that county. Until the election was held and the polls were closed, it could not be determined that there had been any change of territory.

For the error in refusing the defendant's challenge of the jurors for cause the judgment will be reversed and the cause remanded.

Reversed and remanded.