(76 South. 425)
STATE ex rel. SMITH et al. v. JUSTICE.
(5 Div. 663.)

(Supreme Court of Alabama. June 17, 1917.)

COUNTIES ☞56 — COUNTY COMMISSIONERS — POWER TO SUSPEND STATUTE.

Where the county commissioners' court had declared the necessity for an all-time health officer, and put into operation Acts 1915, pp. 786–788, it could not revoke its order, thereby depriving respondent, who had been duly appointed health officer for three years, pursuant to the statute, by the county board of health, of his right to serve out his term; the power to suspend laws being inherent in the Legislature only.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Information by the State, on relation of L. C. Smith and others, against Dr. C. S. Justice. Judgment for respondent, and plaintiffs appeal. Affirmed.

Frank W. Lull, of Wetumpka, for appellants. Holley & Morrow and Smoot & Mullins, all of Wetumpka, for appellee.

THOMAS, J. Appellants filed an information against appellee, alleging that appellee was unlawfully usurping the office of "all-time" health officer for Elmore county, and seeking to oust him from such office.

It is disclosed by the answer of respondent, Dr. Justice, that on November 15, 1915, the court of county commissioners of said county declared, by due order entered on the minutes of such court, that it was wise to provide for a county health officer who should be required "to devote all his time to the duties of the office and health of the county" (Gen. Acts 1915, pp. 782, 786, subds. II and III); that thereafter, on the 16th day of November, at a meeting of the county board of health, called and assembled in conformity with the provisions of subdivision II of said act, appellee was elected such health officer; that, acting in accordance with the instructions of the board of health, the board's secretary notified the court of county commissioners, giving the name and address of the officer so elected; and that appellee duly qualified as such officer-elect by filing his required oath of office and his official bond, and thereupon, on, to wit, the 29th of January, 1916, entered upon the discharge of his official duties.

Relators filed replication to the effect, among other things, that the court of county commissioners, at a regular term thereof held at the courthouse in the town of Wetumpka on February 13, 1917, adopted a reso-

lution "rescinding the former action of the court putting in force the office of all-time health officer for Elmore county, and discontinued and repealed the previous action of the court of· county commissioners of Elmore county authorizing the existence of said office."

Demurrer was sustained to this replication, on the ground that the court of county commissioners had no· authority to revoke and rescind the order made and entered by said court, putting into operation in Elmore county the provisions of the act of September 25, 1915. Issue was joined on the answer of appellee, and from the judgment rendered in favor of the respondent this appeal is taken.

The one question presented is the right of the court of county commissioners to revoke the order made, declaring the necessity for an all-time health officer and putting into operation, in said county, the provisions of the statute in question. It may be said that there is no constitutional objection to the abolition of offices created. by statute, nor any protection extended to salaries attaching to such offices. 4 Mayf. Dig. 336; State ex rel. Thomas v. Gunter, 170 Ala. 165, 54 South. 283. It has been held that whenever the people, in convention or through legislation, clothe any department of the government, or any of its boards or officers or municipalities, with powers at discretion to create an office, they also (in the absence of a declaration of purpose to the contrary) invest such official or body with like power to abolish the office. Benford v. Gibson, 15 Ala. 521; Ex parte Screws, 49 Ala. 57; Ex parte Lusk, 82 Ala. 519, 2 South. 140; Oldham v. Mayer, 102 Ala. 357, 14 South. 793; Morrow v. Earle, 122 Ala. 130, 27 South. 327; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 South. 211; Perkins . v. Corbin, 45 Ala. 103, 6 Am. Rep. 698; Ex parte Lambert, 52 Ala. 79.

The genius of the system of state and county medical societies or boards of health, with its various officials and incumbents in office and their terms of tenure, has been defined by· Mr. Justice Mayfield in State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295, and Harrington v. State ex rel., etc.. 76 South. 422.[1] See, also, State ex rel. Sholl v. Duncan, 162 Ala. 196, 50·South. 265. In those cases it was held that although, in a primary sense, the positions. of such health officers for the state and county are and are called offices, and the incumbents therein officials. it does not follow that such a place is an office, and the incumbent an officer, within the meaning of section 1467 of the Code, notwithstanding they might be such under chapter 22 of the Code. It is pertinent to observe, of the amended statute, that subdivision II is as follows:

"Whenever the court of county commissioners or board of revenue of any county shall deem it wise to provide a county health officer who shall devote all of his time to the duties of his office, and so declare by order entered on the minutes of such court or board, it shall be the duty of the president of the county board of health, except of such counties as have already employed health officers for all of their time, to issue a call for a meeting of said board, giving the members thereof not less than ten nor more than fifteen days' notice of the meeting and further informing them that the object of the meeting is to provide for a county health officer who shall devote his entire time to official work. When the county board of health meets as above provided for, not less than a majority of the members thereof being present, said board shall proceed to remove the incumbent county health officer from office and to declare the office vacant, the officer so removed being eligible for election to the new office. The county board of health shall then proceed to elect a county health officer who shall devote his entire time to the duties of his office. The county ·board of health shall then instruct the secretary thereof to notify the court of county commissioners or board of revenue that a health officer has been elected for the county for a term of three years, giving the name and address of the officer so elected, such officer to devote his entire time in promoting the health of the people of the county."

When the board of revenue or court of county commissioners has exercised the discretionary power therein vested by the Legislature by the act in question, then the action of that body is of binding effect on the county, unless it be an abuse of such authority. See Lovelady v. Copeland, 73 South. 948;[2] Covington County Board of Revenue v. Merrill, 193 Ala. 521, 68 South. 971, and authorities there cited. When, therefore, the court of county commissioners of Elmore county, in the exercise of the delegated power, declared, by proper resolution entered on the minutes of that court, that the terms of the act of the Legislature of September 25, 1915, should have effect in said county, by the establishment of said office of public health, to be filled by a reputable practicing physician of the county "to be elected by the county board of health," and that his duties should be those defined by the provisions of the act having application to such county health officers, and directed the judge of probate to notify the chairman of the county board of health of this resolution and order, and by such resolution fixed the salary of such health officer at the sum of $2,100 per annum, to be paid monthly on the warrant of the judge of probate out of moneys in the general fund of the county, and further notified the county board of health of such action, the discretion and power of said court, under the operation of the amended statute as to such health officer in Elmore county, ceased.

On such notice from the court of county commissioners; it became the duty of the county board of health to elect an incumbent in such office, and when that board, by the election of Dr. Justice as county health officer, discharged its delegated authority from the Legislature, it was without further power or duty in that behalf. And Dr. Justice's employment, election, or status, as such health officer, was fixed, upon his

[1] Ante, p. 480.    [2] 198 Ala. 625.

qualification and the assumption of the duties of his office, subject to the several provisions of the amendatory acts relating to his term of office, duties, and incumbency therein. Gen. Acts 1915, pp. 782, 653, 656, 657.

The county board of health may not compel the board of revenue or court of county commissioners to exercise the discretion reposed in such court or officials by the act, nor control that discretion to declare, within the terms of the act, the necessity for such health officer. Similarly, the board of revenue or court of county commissioners may not control the county board of health, in the exercise of its discretion and power to elect or direct such "all-time" health officer for the county within the provision of the act. In this dual responsibility for the protection of the public health, and that of the inmates of certain of the county's public institutions, through the agency of an "all-time" health officer, there is suggested the reason for the statutory restraint on the right of removal or abolition, by the board of revenue or court of county commissioners, of county health officers. If it were otherwise, such board or court might dictate the election of such officer. The legislative policy is that the necessity for such an official must be determined and declared by the executive board of the county, and that the execution of the law must be committed to a representative of the medical board of the county. The exercise of this dual discretion is the declared legislative method of putting into operation, in the several counties of the state, "for the term of three years" at least, the amended statute. Code, §§ 706, 707; Gen. Acts 1915, p. 782.

The power to suspend laws has been held to be inherent in the Legislature only. Whaley v. State, 168 Ala. 152, 52 South. 941, 30 L. R. A. (N. S.) 499; Mitchell v. Florence Dispensary, 134 Ala. 392, 32 South. 687; Harlan v. Clark, 136 Ala. 150, 33 South. 858; M. & O. R. R. Co. v. Spenny, 12 Ala. App. 387, 413, 67 South. 740; Const. 1901, § 21; Newton v. Ferrill, 98 Ga. 216, 25 S. E. 422; 19 Am. & Eng. Ency. Law (2d Ed.) 489, and note. The Legislature may provide that a statute shall take effect upon the happening of a future event, and may authorize certain public officers to announce when the event has happened that puts into operation the statute. Hand v. Stapleton, 135 Ala. 156, 33 South. 689; Clarke v. Jack, 60 Ala. 271; State ex rel. Porter v. Crook, Judge, 126 Ala. 600, 28 South. 745; Jackson v. State, 131 Ala. 21, 31 South. 380; Ex parte Hill, 40 Ala. 121; Stein v. Mobile, 24 Ala. 591, 619.

The statute in question, by its express terms, becomes operative only upon the happening of a certain contingency—the due passage of a resolution to the statutory effect, duly entered on the minutes of such court or board, declaring it wise to provide a county health officer who shall devote all of his time to the duties of his office, and the election thereafter of an incumbent in such office by the county board of health. Thus it is in effect a local option statute— the option of determining the necessity for such an officer being left to the court of county commissioners or board of revenue, and the option of determining the incumbent thereof, if such necessity is so affirmed, being left to the county board of health.

We have shown that no power to revoke the statute or supersede its operation, or to abolish said office, or to remove the incumbent therefrom within the three-year period, is given under the act to the board of revenue or court of county commissioners; the power to remove or suspend such official in office being reserved to and conferred on the medical society of the county, by the express terms of the act. We are of the opinion that the court of county commissioners of Elmore county had not the authority to terminate the incumbency of respondent as "all-time" health officer for said county, as was attempted by the resolution of that court, entered on its minutes, of February 13, 1917. The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.