(83 South. 49)

STATE ex rel. KERNACHAN v. ROBERTS.
(8 Div. 173.)

(Supreme Court of Alabama. June 26, 1919.
On Rehearing, Oct. 23, 1919.)

1. QUO WARRANTO ⊕—12—RIGHT OF COUNTY HEALTH OFFICER TO WRIT AGAINST USURPER.

The all time health officer of a county is entitled to the remedy of quo warranto against one who has usurped the authority and power appertaining to the office; the office being a "public civil office" within Code 1907, § 5453, the quo warranto statute.

Anderson, C. J., and McClellan, J., dissenting.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Public Office.]

On Rehearing.

2. QUO WARRANTO ⊕—62—AMENDMENT OF PETITION NOT NEGATIVING VERITY OF MINUTE ENTRY.

Subsequent amendment of petition for quo warranto, whereto the same demurrer as to the original petition was refiled and sustained, did not operate to negative the verity of the recital of fact by a minute entry that nonsuit was taken by the petitioner because of the adverse ruling on demurrer to the original petition.

3. QUO WARRANTO ⊕—62 — JUDGMENT SUSTAINING DEMURRER TO PETITION REVIEWABLE.

If a judgment of nonsuit may be entered in a quo warranto proceeding, and if an appeal lies from such judgment, the action of the trial court in sustaining demurrer to the original petition for quo warranto is reviewable under Code 1907, § 3017, the statute relating to nonsuits.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Petition by the State, on relation of W. J. Kernachan, for quo warranto to determine the right of S. S. Roberts to exercise the office of all time county health officer. From judgment of nonsuit, relator appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

See, also, 16 Ala. App. 700, 79 South. 879.

The petition is as follows:

That the said W. J. Kernachan is a resident of Florence, Ala., and that he is regularly a licensed and practicing physician in the said city and county.

(2) That the Medical Society of Lauderdale County is a society composed of the physicians of said city and county. That the Medical Society of Lauderdale County, among other things, is clothed with the power and authority to supervise the administration of the health laws of Lauderdale county, to elect a county health officer for said county, and to fix by ordinance the tenure of office of such county health officer, all of which authority is derived from the acts of the Legislature known as health and quarantine laws.

(3) That relator was duly and regularly elected to the office of county health officer by said medical society in December, 1914, and at the regular January, 1915, meeting of said society relator was duly and regularly installed in said office, and said society by ordinance fixed the term of said office for five years, beginning January, 1915, and ending January, 1920.

(4) That on and since the 16th day of January, 1917, Dr. S. S. Roberts has undertaken to exercise the duties of said officer, and that the said Roberts has usurped, intruded into, and unlawfully holds and exercises the authority and power appertaining to said office. Relator avers that the office of county health officer is a public, civil office within the meaning of section 5453 of the Code of Alabama.

Wherefore relator prays that an alternative writ of quo warranto be issued to the said S. S. Roberts, and that he be required to appear and show by what warrant of right he is exercising the functions of county health officer for Lauderdale county, Ala.; that he be declared to be usurping the functions of said office; that a judgment or decree be entered excluding him from further exercising or attempting to exercise the duties of such officer.

The following is the minute entry referred to:

Comes the plaintiff by attorney and moves the court to be allowed to take a nonsuit in this cause on the ground of the adverse ruling of the court on demurrer filed in this cause on the 10th day of December, 1917. It being necessary for the plaintiff to suffer a nonsuit on the account of such adverse ruling of the court on said demurrer, which motion is granted. The plaintiff suffers a nonsuit for the foregoing reason, and reserves the said ruling of the court for the decision of the appellate court on the record which appeal is hereby allowed.

It is therefore ordered and adjudged and decreed by the court that the plaintiff be, and he is hereby, nonsuited, and that this cause be and the same is hereby dismissed; and it is further ordered and adjudged and decreed that the defendant have and recover of the plaintiff the cost in this behalf expended, for which let execution issue.

A. A. Williams, of Florence, for appellant.
Mitchell & Hughston, of Florence, for appellee.

PER CURIAM. [1] The majority of the court, consisting of Justice MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, are of the opinion that quo warranto will lie in this case, and the following is their opinion:

It was not decided in the Sanders Case, 187 Ala. 79–84, 65 South. 378, L. R. A. 1915A, 295, nor in the Harrington Case, 76 South. 422,[1] that Sanders and Harrington were not officers. It was only decided that they were not the kind of officers which were included in section 281 of the Constitution, or of section 1467 of the Code. In the Sanders Case, it was only decided that section

281 of the Constitution applied neither to Dr. Sanders, nor to the office which he filled. In the Harrington Case, it was only decided that section 1467 of the Code applied neither to Dr. Harrington, nor to the office which he filled. The opinion in both cases undertook to state reasons why those sections of the Constitution and of the Code, respectively, did not include or apply to Drs. Sanders and Harrington, or to the officers or positions which they filled. The opinion in both cases repeatedly stated in terms that both were officers, one a state, and one a county, officer, but not such or the kind of officer to which the section of the Constitution or of the Code respectively applied.

It seems perfectly clear and certain that they were both officers, and were both public officers; but not such or the kind of officers, and that the office, position, or place which they filled was not one of the offices, within the meaning of the section of the Constitution or of the Code which was there before the court for construction.

It was stated repeatedly in the opinion in both cases that they would be and were undoubtedly included within the meaning of the words "officer" and "offices," as used in other constitutional provisions and statutes. While, of course, it may be dicta in those cases, it was expressly stated that Harrington might be an officer, and the place of "all time county health officer" might be included within the meaning of the phrase "public office" as used in our quo warranto statute. Section 5453 of the Code. The right to hold a similar office to that which Harrington held was determined by a quo warranto proceeding under the statute in the case of State ex rel. Smith v. Justice, 76 South. 425.[2] The right to hold a similar municipal office of bacteriologist, provided for by the same system of health and quarantine laws, was tested by quo warranto in the case of State ex rel. Scholl v. Duncan, 162 Ala. 196, 50 South. 265.

The Harrington Case, the Justice Case, and the case of State ex rel. Scholl v. Duncan, were all quo warranto proceedings to test and determine the rights of incumbents to discharge or perform the functions of the public office in question. While the question was not discussed at any length in any of those cases, it was of necessity decided in all that the place, position, or office from which the person sought to be ousted was a "public office," within the meaning of the quo warranto statute. Section 5453 of the Code. Otherwise neither the trial court nor this court would have had jurisdiction. There was no attempt in any one of the cases to confer jurisdiction on the court to test the right of the place, position, or office, except that it was a "public office" within the meaning of section 5453 of the Code. If not a public office within the meaning of that section of the Code, then the

court never acquired jurisdiction of the subject-matter. So it was necessarily decided in all three of these cases that it was a "public office" within the meaning of the quo warranto statute, though not within the meaning of other statutes, viz., section 1467 of the Code.

The distinction between the meaning of the words and phrases in question, when applied to sections 1467 and 5453, was, however, pointed out in the Harrington Case, and followed in the Justice Case. In the Harrington Case, 76 South. 425, it is said:[3]

"The authorities cited and relied upon by appellee are distinguishable from the case in hand for this reason, and also because many of them were dealing with offices, positions, places, or franchise rights which could be tested or inquired into in a proceeding by quo warranto; and not with the question of the eligibility of the person to fill the given place or to exercise the franchise rights. The words 'office' and 'officer,' when used in statutes of the one kind, have a different and wider and a more varied meaning than when used in those of the other. That is, the extent of the meaning of the words or phrases is not always the same, when used in different statutes relating to different subjects. For example, our statutes as to quo warranto proceedings are not exclusively against state, county, or municipal officers, but apply also to military officers and to officers of private corporations created by the authority of the state."

So it seems to us that it has been at least three times decided by this court that quo warranto will lie in a case like the one in question.

If quo warranto will not lie to test the right to discharge the duties, and to exercise the privileges, rights, powers, and functions conferred upon health officers, then any one could intrude into the office, place, or position, and there would be no remedy against his usurpation and intrusion.

The action of quo warranto has been brought to test the right to the office, place, or position of trustee of the university of Alabama. See Little v. Foster, 130 Ala. 156, 30 South. 477. The place of trustee is an office within the meaning of section 5453 of the Code, but not within the meaning of section 1467 of the Code, or of section 281 of the Constitution.

Reversed and remanded.

MAYFIELD, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN, J., dissent.

McCLELLAN, J. It appears that the ruling of the court below in sustaining the demurrer to the petition was predicated of the idea that quo warranto could not serve to institute inquiry into the rightfulness of Roberts' performance of the functions "of health

[2] 200 Ala. 483.    [3] 200 Ala. 480.

officer of Lauderdale county"; this for the reason that the position is not a "public office, civil or military," within the prescription of subdivision 1 of section 5453 of the Code, defining, among other instances, when this character of proceeding may be invoked to determine the right of one to hold or to exercise the functions and powers of such a trust. So far as presently pertinent, that section reads:

"An action [quo warranto] may be brought in the name of the state against the party offending, in the following cases: (1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state. * * *"

The trial court held that the office of "health officer of Lauderdale county" was not a "public civil office" within the purview of the statute quoted.

In State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295, it was decided that the state health officer, Dr. Sanders, was not "an officer holding" a "civil office," within the contemplation of section 281 of the Constitution of 1901, relating to the increase or diminution of salaries, fees, or compensation during the current term. In Harrington v. State, 76 South. 422,[4] it was decided that the county health officer of Jefferson county—a position identical with that here involved—was not a public officer within the provisions of Code, § 1467, wherein it is prescribed that one to be eligible to office under the authority of this state must be an elector. While the question here under review was not considered or decided in State ex rel. v. Justice, 76 South. 425,[5] the decision in that case consists with the view prevailing in Harrington v. State, supra, as that case should be interpreted consistent with the result there attained; and, furthermore, the Justice Case affirms the effectiveness of the amendatory act of 1915 wherein it provides for the removal of such functionaries in proper cases. The primary ground of both of the decisions in the Sanders and Harrington Cases is that these functionaries are officers, so to speak, of the boards empowered by law to select them. When contemplated from the viewpoint of the government (whether state or county) the real effect of the doctrine thus accepted and applied in those particular instances was to assign the health officers (state and county) to the category of "employés" of the authorities that chose them. The provisions of the amendatory act of 1915 (Gen. Acts, pp. 653, 655), requiring the county boards of health to select the county health officer and prescribing the duties of such boards in that regard, refer to the powers and duties of the boards of health, and do not intend the definition or prescription of the character of this functionary or the

rights with which one chosen thereto becomes invested. The provisions of the amendatory act, cited above, providing adequate, efficient means for the removal of county health officers by the boards of health, after hearing, contributes to confirm the view that the Legislature did not intend to constitute a county health officer a public officer; for to so affirm would involve, necessarily, the inclusion of such functionaries in the excluding provisions of the Constitution governing the removal by impeachment of county officers, thus annulling the feature of the amendatory act to which reference has just been made. It results from the premise established by the deliverances cited that the office of county health officer is not a "public civil office" within subdivision 1 of section 5453; and hence that quo warranto is not available to institute inquiry into the lawfulness of tenancy thereof as a "public civil office." It is not now claimed for the petitioner that the proceeding in quo warranto is otherwise authorized with respect to this position.

Referring to the decisions relied upon by the majority of the court, neither the Scholl-Duncan Case nor the Justice Case took any account of the question now presented, nor was any consideration given it. Hence those deliverances cannot be regarded as any sort of authority in the premises.

Little v. Foster, 130 Ala. 156, 30 South. 477, is even more plainly without influence. That proceeding, on quo warranto, was to determine the right of Foster to membership on the board of trustees of the university. The university was then and is now a "body corporate." Code 1896, § 3667; Code 1907, § 1869 et seq. The university being a corporation and the trustee being an officer of the corporation, quo warranto was an available remedy to test Foster's right to the position, under this language in Code, § 5453, quoted above: "Any office in a corporation created by the authority of this state." The health bodies, county or state, are not shown to be corporations as is the university. It seems now that the character of the "state and county health officers" is that of a sort of official chameleon; they are officers in some lights and are not officers when subjected to another light.

I would affirm the judgment.

ANDERSON, C. J., concurs in the foregoing.

### On Rehearing.

PER CURIAM. [2, 3] The minute entry quoted affirms the fact to be that the nonsuit was suffered by the state because of the adverse ruling on the respondent's demurrer to the original petition. The subsequent amendment of the petition—whereto the same demurrer was refiled and sustained—did not operate to negative the verity of the stated recital of fact that the nonsuit was taken

[4] 200 Ala. 480.    [5] 200 Ala. 483.

by the petitioner because of the adverse ruling on demurrer to the original petition. Berlin Mach. Works v. Ewart, 184 Ala. 272, 63 South. 567, interpreting Engle v. Patterson, 167 Ala. 117, 52 South. 397. It is quite clear from the record that the petitioner's purpose, in amending, was to perfect the petition as against some of the grounds, with the effect to throw into bolder relief the chief objection taken by the demurrer to the propriety of the petitioner's effort to have the court inquire into respondent's authority to exercise the functions of "health officer of Lauderdale county."

Assuming that a judgment of nonsuit may enter in this character of proceeding and that an appeal lies from this judgment, the action of the court below in sustaining the demurrer to the original petition is reviewable under our statute relating to nonsuits. Code, § 3017.