(98 South. 715)

**STATE ex rel. BASSETT et al. v. NELSON et al. (8 Div. 611.)**

(Supreme Court of Alabama. Dec. 13, 1923. Rehearing Denied Jan. 31, 1924.)

1. Constitutional law ⬅︎45—Court must declare clearly unconstitutional act void.

While all reasonable presumptions are indulged in favor of the constitutionality of acts, it is mandatory on the court to declare a statute unconstitutional and void if an infraction of the Constitution is clear.

2. Statutes ⬅︎105(1)—Purposes of constitutional requirement that subject-matter be clearly expressed in title stated.

The purposes of Const. 1901, § 45, requiring that the subject-matter of an act be clearly expressed in the title, is to prevent hodgepodge or logrolling legislation or surprise or fraud on the Legislature by means of provisions of which the titles give no intimation, and to fairly apprise the people of the subjects of legislation being considered.

3. Statutes ⬅︎120(5)—Act incorporating territory of two cities into one held unconstitutional as not clearly expressing subject-matter in title.

Act Aug. 28, 1923 (Loc. Acts 1923, p. 121), entitled an act "to alter or rearrange the boundaries of the City of Decatur," held contrary to Const. 1901, § 45, as not clearly expressing in the title the subject-matter of the act. which disincorporates the city of Albany and consolidates the territory thereof with that of Decatur.

4. Statutes ⬅︎50 — Companion acts of unconstitutional act held invalid.

Act Aug. 28, 1923 (Loc. Acts 1923, p. 121), incorporating the territory of the city of Albany into that of the city of Decatur, being unconstitutional, its companion acts (Loc. Acts 1923, pp. 102, 104, 105), the last of which prescribes the powers and duties of a temporary board of commissioners pending a change in the form of government of the enlarged city, are also invalid.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Quo warranto by the State, on the relation of Gus Bassett and others, against James A. Nelson and others. From a judgment for respondents, relators appeal. Reversed and rendered.

Brown & Griffith, of Cullman, E. W. Godbey, of Decatur, Tennis Tidwell, of Albany, and Thomas C. McClellan, of Birmingham, for appellants.

The act to alter or rearrange the boundaries of the city of Decatur is violative of section 45 of the Constitution, and is void. Ensley v. Simpson, 166 Ala. 374, 52 South. 61; Butler v. Walker, 98 Ala. 358, 13 South. 261, 39 Am. St. Rep. 61; Lindsay v. U. S. Co., 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; Randolph v. Builder's Co., 106 Ala. 501, 17

South. 721; Blodgett's Case, 89 N. Y. 392; Ham v. State, 156 Ala. 645, 47 South. 126; Zabriske v. Hackensack, 18 N. J. Eq. 178, 90 Am. Dec. 617; 25 R. C. L. 86; Mobile Dry Docks Co. v. Mobile, 146 Ala. 198, 40 South. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 229; Yerby v. Cochran, 101 Ala. 541, 14 South. 355; State v. Davis, 130 Ala. 150, 30 South. 344, 89 Am. St. Rep. 23; Pillans v. Hancock, 203 Ala. 570, 84 South. 757.

Callahan & Harris, of Decatur, and Eyster & Eyster, of Albany, for appellees.

The title to the act sufficiently sets forth its subject-matter, and section 45 of the Constitution is not violated. Ballentyne v. Wickersham, 75 Ala. 533; Ex parte Mayor, etc., 116 Ala. 189, 22 South. 454; Little v. State, 137 Ala. 664, 35 South. 134; State v. Griffin, 132 Ala. 50, 31 South. 112; State v. Thompson, 193 Ala. 567, 69 South. 461; Board of Rev. v. Kayser, 205 Ala. 289, 88 South. 19.

MILLER, J. This is a quo warranto proceeding instituted on information in the name of the state by Gus Bassett and others, resident citizens of either the city of Decatur or the city of Albany, in Morgan county, Ala., against James A. Nelson, W. A. Britton, and Charles Sittason. It avers the respondents have recently usurped, intruded into, and are now unlawfully holding without authority of law the offices of members of the board of commissioners of the city of Decatur, in Morgan county, Ala., and are exercising without authority of law the powers and authority of the governing board of the city, and have excluded the city council from the exercise of any of the powers, privileges, or franchises of the city of Decatur, and they are dominating and controlling all the income, property and rights of the city under the pretended authority of the board of commissioners. The information seeks to have them show to the court by what warrant or authority of law, if any, they exercise or claim to exercise the offices of the Board of Commissioners of the city of Decatur.

These respondents answer the information, and state they are not unlawfully and without authority of law holding these offices, but they are holding them by authority of the acts of the Legislature of Alabama, approved by the Governor of the state; that on August 28, 1923, the city of Decatur was a municipality and the city of Albany was a municipality; that the city of Decatur still exists, but the charter of the city of Albany was vacated on August 28, 1923, by an act of the Legislature. They further aver in their answer that on the 28th day of August, 1923, the Legislature did pass and the Governor approved five certain separate acts, which appear on the pages of the Lo-

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cal Acts of 1923 herein stated, and the titles to which read as follows:

"An act to vacate the charter of the city of Albany, Alabama." Local Acts 1923, p. 104.

"An act to alter or rearrange the boundaries of the city of Decatur, Alabama." Local Acts 1923, p. 121.

"An act to create a board of education for the enlarged territory of the city of Decatur, Alabama." Local Acts 1923, p. 102.

"An act to provide a form of government for the city of Decatur, Alabama, and to prescribe the powers and duties of a temporary board of commissioners, pending a change in the form of government from a city with a population under six thousand, to a city of a population of six thousand or more." Local Acts 1923, p. 105.

"An act requiring the city of Decatur to assume all liabilities of every kind whatsoever outstanding against the city of Albany, and vesting in the city of Decatur all property of every kind whatsoever, owned by the city of Albany, and conferring upon the city of Decatur the right to defend all actions against the city of Albany, and to prosecute all suits pending in the name of the city of Albany and to carry out street improvements or other public improvements already begun by the city of Albany." Local Acts 1923, p. 104.

These respondents state that under and by virtue of these acts of the Legislature there were created such offices as board of commissioners of the city of Decatur, and b. virtue and under said acts they (the respondents) are members of the board of commissioners of the city of Decatur, being named such officers in one of the acts, the title to which is above set out, and they have qualified by taking the oath of office, and are holding the office and exercising its powers under these acts of the Legislature.

The relators demur to this answer of the respondents on the ground each and all of these acts of the Legislature are unconstitutional and void. They state in the grounds of the demurrer particularly the section of the Constitution which each of the acts respectively violates. The demurrers were overruled by the court.

The relators filed two replications to the answer: The first denied the allegations of the answer; and the second stated the city of Albany was, when the act entitled "A bill to be entitled an act to alter or rearrange the boundaries of the city of Decatur, Alabama," was passed, a municipality with a population of 7,500 or more, and the city of Decatur at that time was a city of a population of, to wit, 5,200; the cities of Albany and Decatur were at the time of the passage of this act existing municipalities in the state of Alabama; the taxable value of the property of Albany was, to wit, $5,-000,000, and the taxable value of the property of Decatur was, to wit, $2,500,000, when this bill was passed; and the area of Albany was, to wit, twice the area of Deca-

tur; and the two cities were immediately contiguous to each other. Demurrers of respondents to replication No. 2 of the relators were sustained by the court.

This cause was submitted to the court without a jury under an agreed statement of facts. The court held the acts mentioned were constitutional and valid; that the respondents were lawfully holding and exercising the powers and privileges of the offices of members of the board of commissioners of the city of Decatur under these acts of the Legislature; that they were not intruders, usurpers, or unlawfully holding or exercising these public offices; and entered a judgment according to its opinion and finding.

The rulings of the court, which were adverse to the relators, the appellants, on the demurrers, and this judgment of the court on the pleading and agreed statement of facts, are some of the many errors assigned and argued in the briefs of the parties.

The prime and most important question to be answered is: Is the act (No. 206—H. 621, Patterson) approved August 28, 1923 (page 121 of Local Acts 1923), unconstitutional and void? The appellants aver, insist, and claim this act violates section 45 of the Constitution of Alabama. The provision in section 45 pertinent to this proceeding and to this act reads as follows:

"Each law shall contain but one subject, which shall be clearly expressed in its title."

The title of the act reads as follows:

"An act to alter or rearrange the boundaries of the city of Decatur, Alabama."

The subject, the subject-matter, the body of the act, reads as follows:

"Be it enacted by the Legislature of Alabama, that the boundaries of the city of Decatur, Alabama, be altered, extended or rearranged so as to include the territorial area heretofore and immediately prior to the vacation of its charter, or now comprising the city of Albany, Alabama, that is, that the corporate limits of the city of Decatur shall include all of that territory within the present corporate limits of the city of Decatur and the following boundary lines: [Then follows a description by metes and bounds of all the territory embraced within the corporate limits of the city of Albany, and no other territory and no other area is added by the act to the city of Decatur.]"

This was the only "alteration or rearranging of the boundaries," if it can be so called, of the city of Decatur, which appears in the body of the act.

[1] We are fully mindful that the courts hold that in passing on the constitutionality of acts of the Legislature all "reasonable presumptions are indulged in favor of legislative action"; but we also realize, if the infraction of the Constitution by the act is

clear, it is mandatory, imperative, on the court to declare the statute unconstitutional and void, and maintain thereby the purity of the organic law, the Constitution of the state of Alabama. State v. Sayre, 118 Ala. 1, 24 South. 89; Ensley v. Simpson, 166 Ala. 366. 52 South. 61.

[2] Is the subject, the subject-matter, appearing in the body of this act, clearly expressed in the title of the act? That is the question to be answered by this court. The court, through Justice Walker, in Ex parte Pollard, 40 Ala. 99 (which was quoted with approval by Justice Brickell in State v. Sayre, 118 Ala. 36, 24 South. 89), stated the following to guide and assist in the construction of this clause of the Constitution:

"The object of the constitutional provision was to prevent deception by the inclusion in a bill of matter incongruous with the title."

Judge Cooley declared and stated there were three purposes for this constitutional requirement. They were quoted by Justice Brickell, with approval of this court, in Lindsay v. U. S. S. & L. Ass'n, 120 Ala. 156–172, 24 South. 171, 176 (42 L. R. A. 783), and are as follows:

"First, to prevent 'hodgepodge' or 'logrolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles give no intimation, and which might, therefore, be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire."

And Justice Brickell, after the quotation, stated for the court:

"No one of these purposes is of more or less importance than the other. * * * 'The title must be such, at least, as fairly to support or give a clew to the subject dealt with in the act, and, unless it comes up to this standard, it falls below the constitutional requirement.'"

[3] The title to this act is "to alter or rearrange the boundaries of the city of Decatur." This gives no intimation whether the area of the city will be increased or diminished by the altered or rearranged boundary lines as they will appear in the subject, the body of the act. It may be one or the other; and some territory may be eliminated and other territory included in the corporate limits by altering and rearranging the boundary lines. This subject may be germane to the title of the act. But this act under that title consolidates in its body two contiguous municipalities, and disincorporates the city of Albany. The title of the bill is to "alter or rearrange the boundaries of the city of Decatur," and its body, its subject, its subject-matter, consolidates the territory of the municipality of Albany with that of Decatur, and disincorporates the municipality of Albany. This subject of the act is incongruous with the title of the act. Under the title "to alter or rearrange the boundaries of the city of Decatur," a population of 7,652 in the city of Albany is placed by the body of the act in the city of Decatur, which had 4,752 population, according to the federal census of 1920. This subject in the body of the act is not germane to this narrow title of the act.

This court has said through Justice Sayre in Ensley v. Simpson, 166 Ala. 374, 52 South. 64:

"This court has settled the question, in accordance with obvious reason, that two municipalities cannot exist over the same territory at the same time."

See, also, Butler v. Walker, 98 Ala. 358, 13 South. 261, 39 Am. St. Rep. 61.

Yet this act, under the "title guise" of "altering or rearranging the boundaries of the city of Decatur," appropriates all the territory of the municipality of the city of Albany, and places it in the municipality of the city of Decatur. No other alteration and no other rearranging of the boundaries, of the city is made. This subject of the act is not permissible under that restricted title of the act. The title of the act approved August 20, 1909, in Local Acts Special Session 1909, p. 392, reads as follows:

"An act to alter or rearrange the boundary lines of the city of Birmingham, Alabama, so as to include within the corporate limits of said city, the territory now included within the cities or towns of Avondale, Woodlawn, East Lake, North Birmingham, North Haven, Graymont, Elyton, West End, Pratt City, Wylan, and Ensley, and other territory, and so as to exclude from the city of Birmingham certain territory now included within the corporate limits of said city of Birmingham."

The differences between the title to that act and the title to this act are plain, material, and obvious. The title to the Birmingham act is broad and comprehensive. The title to this act is not general, but is narrow and restrictive. It is too restrictive for its subject. Its title does not clearly intimate, clearly suggest, clearly comprehend, or clearly express the subject of the act. Its subject should be clearly expressed in its title. Ensley v. Simpson, 166 Ala. 366, 52 South. 61; Patton v. State, 160 Ala. 111, 49 South. 809; Mobile Dry-Docks Co. v. City of Mobile, 146 Ala. 198, 40 South. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 1229.

The real purpose, the main design, of the act, and its manifest effect by the language in its body, is to consolidate the area of the two cities, Albany and Decatur, into the territory of Decatur, and to disincorporate the city of Albany. This subject in its body is

not germane to the title of the act. It is incongruous to it, and the title gives no clue to the real subject in the body of it. There is a difference between altering and rearranging the boundaries of a city and annexing and incorporating the territory of two cities into one. The difference is material and striking. The reading of the former in the title of a bill would give no clear suggestion, furnish no clear information, and grant no clear clue that would clearly convince you that the latter would follow and be made the subject of the act. Jackson, Clerk, v. Sherrod, 207 Ala. 246, 92 South. 481; City of Ensley v. Simpson, 166 Ala. 374, 52 South. 61, and authorities supra. This act is clearly within the prohibition of section 45 of the Constitution, and we must hold that it is unconstitutional and void.

[4] The court erred in overruling the demurrers of the relators to the answer of the respondents. They should have been sustained. The court erred in the judgment rendered on the agreed statement of facts. It should have found and ordered from the facts that the respondents were unlawfully holding and unlawfully exercising the powers, privileges and authority of the office or offices of the board of commissioners of the city of Decatur, and that there is no such office or offices as board of commissioners of the city of Decatur.

The city of Decatur and the city of Albany are separate and distinct municipalities, with the same separate and distinct rights, privileges, powers, and authorities as existed before these several five bills were introduced in and passed by the Legislature and approved by the Governor. Under the very terms, conditions, and wording of each of the four acts it clearly appears they were intended by the Legislature to be inoperative and invalid if this act "to alter or rearrange the boundaries of the city of Decatur, Alabama," was unconstitutional. When it was declared unconstitutional the other four companion acts, mentioned herein, became, automatically, inoperative and invalid. Armstrong v. Bufford, 51 Ala. 413; State v. Justice, 200 Ala. 483, 76 South. 425; City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159.

For the errors mentioned the judgment will be reversed, and one rendered here in accordance with this opinion.

Reversed and rendered.

All the Justices concur.

On Rehearing.

MILLER, J. Application for rehearing overruled.

All the Justices concur, except SAYRE, J., who dissents.