(98 South. 718)

**STATE ex rel. CRAWFORD et al. v. HARDAGE et al. (8 Div. 612.)**

(Supreme Court of Alabama. Dec. 13, 1923. Rehearing Denied Jan. 31, 1924.)

**Statutes ⟨Key⟩50—Act conditioned on validity of unconstitutional act invalid.**

Act Aug. 28, 1923 (Loc. Acts 1923, p. 121), incorporating the territory of the city of Albany into that of the city of Decatur, being unconstitutional, Loc. Acts 1923, p. 102, creating a board of education for the enlarged territory, conditioned (section 5) on the constitutionality of the former act, is invalid.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Quo warranto by the State, on the relation of Rebecca J. Crawford and others, against A. A. Hardage and others. From a judgment for respondents, relators appeal. Reversed and rendered.

Brown & Griffith, of Cullman, Tennis Tidwell, of Albany, E. W. Godbey, of Decatur, and Thomas C. McClellan, of Birmingham, for appellants.

Callahan & Harris, of Decatur, and Eyster & Eyster, of Albany, for appellees.

For statement of briefs of respective counsel, see State ex rel. Bassett v. Nelson et al., ante, p. 663, 98 South. 715.

MILLER, J. This is an information in a quo warranto proceeding under section 5453 of the Code of 1907, to test the right and authority of H. B. Beard, John Patterson, A. A. Hardage, D. D. McGehee, and F. S. Hunt to hold the offices of members of the board of education of the enlarged territory of the city of Decatur, Ala. The information is filed by Rebecca J. Crawford and others, citizens either of the city of Albany or the city of Decatur, in Morgan county, Ala., and against the members of the board of education, above named.

The information avers they are without authority of law performing the duties of members of the board of education. The respondents answer that under an act approved August 28, 1923, "to alter or rearrange the boundaries of the city of Decatur, Alabama (Local Acts 1923, p. 121), the territory of the city of Albany was placed in the municipality of the city of Decatur; and by the act approved August 28, 1923 (Local Acts 1923, p. 102), a board of education for the enlarged territory of the city of Decatur, Ala., was created, and these respondents were named in and made by this act members of this board of education; that they have qualified, and they are lawfully performing the duties of members of this board of education under authority of that act of the Legislature.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The relators demurred to this answer on the ground the act "to alter or rearrange the boundaries of the city of Decatur, Alabama," in Local Acts 1921, p. 121, is unconstitutional and void; and if it is unconstitutional the act creating this board of education would have no effect, and the act creating this board of education (Local Acts 1919, p. 102) is unconstitutional and void. The demurrers point out the sections of the Constitution which they claim these respective acts fail to comply with, and the court overruled the demurrers. The relators then joined issue on the answer, and replied specially thereto. Demurrers of the respondents to this special replication to the answer were sustained by the court.

The cause was tried by the court without a jury on an agreed statement of facts, and held the acts in question were constitutional and valid, and that respondents were lawfully holding and with authority of law were performing the duties of members of this board of education; and the court rendered a judgment in harmony with its finding and holding. This appeal is prosecuted by the relators from that judgment. This judgment of the court on the agreed statement of facts and the ruling of the court on the demurrers to the answer of the respondents are some of the errors assigned.

The act approved August 28, 1923 (Local Acts 1923, p. 121), "to alter or rearrange the boundaries of the city of Decatur, Alabama," has been, by this court in a similar case (State ex rel. Bassett v. Nelson et al., 98 South. 715 [1]) declared unconstitutional and void. The court held it did not conform to the requirements of section 45 of the Constitution of Alabama.

This act "to create a board of education for the enlarged territory of the city of Decatur, Alabama" (Local Acts 1923, p. 102), under which the respondents claim their appointment and their authority to act as members of the board of education, contains section 5, which reads as follows:

"This act is conditioned upon the passage, approval and constitutionality of an act to alter, extend or rearrange the boundaries of the city of Decatur, Ala., and shall have no effect unless that act becomes a law."

The vitality of the act is made dependent, conditioned, upon the constitutionality of the said act, "to alter or rearrange the boundaries of the city of Decatur." It has been declared unconstitutional and void; and this act creating this board of education becomes thereby automatically of no effect, invalid, and void. State ex rel. Bassett v. Nelson (Ala. Sup.) 98 South. 715; [1] State ex rel. Smith v. Justice, 200 Ala. 483, 76 South. 425.

The court erred in overruling demurrers of the relators to the answer of the respondents; they should have been sustained. The court also erred in the judgment rendered that respondents were by authority of law holding the office or offices of members of the board of education of the city of Decatur, Ala. The court should have held and ordered they were holding the office or offices of members of the board of education of the city of Decatur without authority of law.

For these errors the judgment will be reversed, and one will be here rendered according to this opinion.

Reversed and rendered.

All the Justices concur.

### On Rehearing.

MILLER, J. Application for rehearing overruled.

All the Justices concur, except SAYRE, J., who dissents.