155 So. 366

**BROWDER v. BOARD OF COM'RS OF CITY OF MONTGOMERY et al.**

3 Div. 97.

Supreme Court of Alabama.
April 12, 1934.

Rehearing Denied June 28, 1934.

T. E. Martin, of Montgomery, for appellant.

James S. Parrish and John L. Goodwyn, both of Montgomery, for appellees.

Brief did not reach the Reporter.

BROWN, Justice.

The appellant, alleging that he is a resident citizen and taxpayer of the city of Montgomery, filed the bill in this case against the board of commissioners of the city of Montgomery and the individual commissioners, to restrain and enjoin them "from issuing, selling, exchanging or delivering any of said refunding bonds proposed to be issued for the purpose of refunding" certain bonds issued by the town of Capitol Heights, and for general relief. The city of Montgomery is not a party to the bill.

The bill alleges that said town of Capitol Heights, on September 1, 1923, "lawfully issued certain waterworks bonds for the purpose of laying and constructing water mains in said town, said bonds being numbered from 1 to 50 inclusive, in the amount of $1,000.00 each, all being dated September 1, 1923, payable September 1, 1933, and bearing interest at the rate of six (6%) percentum per annum, payable semi-annually at the Chase National Bank in New York City. That all of said bonds still remain due and unpaid. That said bonds were issued as general obligation bonds of the said town of Capitol Heights, and no part of said improvement, for the payment of which said bonds were issued, was assessed against the property benefited by such improvement"; that by two local acts of the Legislature approved August 26, 1927 (Loc.

Acts 1927, pp. 305–311), the boundaries of the city of Montgomery "were so altered, rearranged and extended as to embrace within the boundaries of said city the entire limits, and all of the territory theretofore included and embraced within the limits of the said town of Capitol Heights"; that immediately after the approval of said acts the respondent board of commissioners, "pursuant to the laws of the State of Alabama in such cases provided, took over the municipal affairs of the said town of Capitol Heights, and thereafter proceeded to collect and have continued since said time to collect, and are now collecting, taxes on the property within the" territory formerly embraced within the corporate limits of Capitol Heights, and has otherwise general municipal control over the same; that in April, 1933, the respondent board of commissioners adopted an ordinance, which was amended in October, 1933, providing "for the issuance of bonds of the said City of Montgomery, Alabama, in the total amount of $50,000.00, for the purpose of refunding" said bonds issued by the town of Capitol Heights; that the issuance of said refunding bonds has not been authorized by a majority vote by ballot of the qualified electors of the city, voting upon the proposition of issuing such refunding bonds "as required by section 222 of the Constitution of Alabama of 1901. That the issuance of such refunding bonds would create an indebtedness by the said City of Montgomery in excess of its constitutional debt limit, as prescribed by section 225 of the Constitution of Alabama"; that said respondent board of commissioners, and its president and the members thereof, are "threatening to issue, sell and deliver, and are about to issue, sell and deliver said refunding bonds * * * in the place of the said bonds originally issued by the Town of Capitol Heights. * * * *that said refunding bonds cannot be lawfully issued unless and until the same have been first authorized by a majority vote by ballot of the qualified voters of the City of Montgomery; * * * that the issuance of such refunding bonds would create an indebtedness by the said City of Montgomery in excess of its constitutional debt limit, as prescribed by Section 225 of the Constitution of Alabama of 1901." (Italics supplied.)

The defendants demurred to the bill for want of equity, and on numerous special grounds, among others, ground 6, which takes the point that the italicized averments are mere conclusions of the pleader.

The court sustained the demurrer, the complainant declined to plead further, and the bill was dismissed.

■ "The rules of pleading in a court of equity, as to matters of form, are·not so strict as the rules originally prevailing in courts of common law." The statutory requirement in reference to bills in equity is, that "the bill must contain a clear and orderly statement of *the facts* on which the suit is founded, without prolixity or repetition, and conclude with a prayer for the appropriate relief, without averring any combination or confederacy between the defendants, or others, the insufficiency of the remedy at law, or charging pretenses by the defendants; and it is the duty of the courts to discountenance prolix statements and unnecessary and false allegations in all chancery or equity pleadings." (Italics supplied.) Code 1923, § 6525; Seals v. Robinson & Co., 75 Ala. 363.

Allegations of fact, admitted or proved, are the only premises which will uphold a decree granting relief. Mere pleader's conclusion unsupported by facts alleged is wholly impotent to uphold the equity of a bill. McDonald v. Mobile Life Insurance Company, 56 Ala. 468; Ex parte Kelly (Kelly v. Carmichael), 221 Ala. 339, 128 So. 443; Westbrook v. Hayes, 137 Ala. 572, 34 So. 622; Jackson Realty Co., Inc., v. Yeatman, 219 Ala. 3, 121 So. 415.

The limitation imposed by section 225 of the Constitution of 1901, on the authority of cities and towns to contract debts, is rested upon several elements; classification, population, the "assessed valuation of the property therein," the purposes for which the debt is incurred, and the amount of their existing indebtedness.

Section 225 of the Constitution provides: "All towns and cities having a population of six thousand or more * * * are hereby authorized to become indebted in an amount including present indebtedness, not exceeding seven per centum of the assessed valuation of the property therein." This limitation, however, in respect to cities of this class, does not apply to "temporary loans, to be paid within one year, made in anticipation of the collection of taxes, and not exceeding one-fourth of the general revenues, bonds or other obligations already issued, *or which may hereafter be issued* for the purpose of acquiring, providing or constructing *school houses, water works and sewers,*" or obligations incurred for street or sidewalk improvements, "where the cost of the same, in whole or· in part, is to be assessed against the property abutting said improvements." (Italics supplied.)

■■ It follows, therefore, that a bill seeking to enjoin a city or town from incurring an indebtedness and issuing its obligation therefor, because it has exhausted its debt contracting powers, must allege facts showing that it has exhausted its power, or will, by the act sought to be enjoined, overstep its authority; and the city must be made a party. Gillespie v. Gibbs, 147 Ala. 449, 41 So. 868.

■ The facts alleged in the instant bill fall short of showing want of power and authority on the part of the city of Montgomery to assume the full amount of the indebtedness outstanding against the town of Capitol Heights on the 26th day of August, 1927, when by the local acts its corporate limits were extended so as to include the territory covered by the town of Capitol Heights, or that the indebtedness outstanding against said town of Capitol Heights, when added to the then existing indebtedness of the city of Montgomery, would put said city in the strangulated class. To the contrary, the bill concedes that the indebtedness in question, represented by the outstanding bonds of the town of Capitol Heights, was incurred to provide a water system, and therefore belongs to the class of obligations excepted, so far as the city of Montgomery is concerned, from the operation of section 225 of the Constitution.

■ Therefore, assuming that the local laws rearranging and extending the corporate limits of the city of Montgomery to embrace the territory covered by the town of Capitol Heights, were constitutionally enacted, their effect was to disincorporate said town, and its territory became a part of the city of Montgomery, and its property rights, including the water system, became the property of the city of Montgomery, and its debt, by operation of the general law (Code 1923, § 1827), became the debt and obligation of said city. City of Ensley v. Simpson, 166 Ala. 366, 52 So. 61; State ex rel. Crawford v. Hardage, 210 Ala. 666, 98 So. 718; City of Anniston v. Alabama Water Co., 207 Ala. 497, 93 So. 409.

■ Section 222 of the Constitution, by its terms, is not applicable "to the renewal, refunding or reissue of bonds lawfully issued." City of Anniston v. Alabama Water Co., 207 Ala. 497, 93 So. 409; Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211.

The foregoing is deemed sufficient to indicate that we are in agreement with the ruling of the circuit court sustaining the demurrer to the bill and dismissing the same.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.