155 So. 337

## STEBER v. STATE.
### I Div. 135.

Court of Appeals of Alabama.
May 15, 1934.

Rehearing Denied May 22, 1934.

Geo. A. Sossaman, of Mobile, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Outlaw & Seale, of Mobile, for the State.

Hamiltons, of Mobile, filed briefs as amici curiæ.

SAMFORD, Judge.

The prosecution in this case was begun in the juvenile court of Mobile county, and from a conviction in that court the defendant appealed to the circuit court, where the defendant was again convicted and this appeal is from the latter judgment.

█ The first question to be passed on is the validity of the statute creating the juvenile court in Mobile county, it being claimed that such court was created by a local statute without the necessary advertisement.

The court has its existence and jurisdiction by virtue of Acts of the Legislature 1927, p. 653 et seq., as amended by Gen. Acts 1931, p. 244. Under our decisions, these acts are general and not classed as local statutes requiring advertisement. The argument and authorities cited have no application. Reyn-

olds v. Collier, 204 Ala. 38, 85 So. 465; Cooper v. State ex rel. Hawkins, 226 Ala. 288, 147 So. 432.

The Sossaman Act (Gen. Acts 1931, p. 479 et seq.), having been declared void (Kearley v. State ex rel. Hamilton, 223 Ala. 548, 137 So. 424), leaves the juvenile court as created by Gen. Acts 1927, p. 653 et seq., approved September 9, 1927, and amended by Gen. Acts 1931, p. 244, approved April 21, 1931.

█ After the above dates and on July 22, 1931, the Legislature, by an act which became a law under section 125 of the Constitution of 1901, passed the following statute:

"Section 1. That Juvenile Courts in all counties which now have, or may hereafter have, a population of not less than 105,000 and not more than 300,000, according to the last, or any succeeding Federal Census, be, and the same are hereby abolished.

"Section 2. That all laws, special, local or general, in conflict herewith, are hereby repealed.

"Section 3. That this Act shall take effect from and after its passage and approval.

"Became a Law July 22, 1931, under Section 125 of the Constitution." Gen. Acts 1931, p. 545.

This act effected a direct repeal of all statutes, special, local, or general, creating juvenile courts within the maximum and minimum population named in the act.

It is insisted by appellee that the above repealing act is a local law and therefore void as having been passed under the guise of a general statute. One has but to read the opinion in Reynolds v. Collier, 204 Ala. 38, 85 So. 465, and the dozens of other cases in which the decision in the Reynolds v. Collier Case is followed, both in this court and the Supreme Court to see that the claim that the above statute is local and not general is untenable.

█ It is also contended that because the repealing statute, supra, was introduced by Representative Sossaman at the same session of the Legislature as was H. B. 1032 (Gen. Acts 1931, p. 479), entitled "An Act to create a Court of Domestic Relations in lieu of Juvenile Courts in all counties in the State of Alabama now having, or which may hereafter have, a population of not less than 105,000 nor more than 300,000, according to the last or any succeeding Federal Census," the two enactments must be considered as one and as H. B. 1032 has been declared void in Kearley v. State ex rel. Hamilton, 223 Ala.

548, 137 So. 424, that the repealing act here considered must also fall. The enactments are entirely independent of one another, so far as appears from the journals of the Legislature, and the Act of July 22, 1931, is not mentioned, nor was it necessary to be mentioned, in the Kearley Case, supra. A juvenile court is not necessary to the administration of the criminal law or of civil rights and the Legislature might well have conceived that the other courts as constituted were available and ample for all purposes in the administration of justice.

The cases cited by appellee have no application here. In State ex rel. Bassett v. Nelson et al., 210 Ala. 663, 98 So. 715, the five enactments were interdependent. The same is true in State ex rel. Crawford v. Hardage, 210 Ala. 666, 98 So. 718. In State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 So. 661, the two acts there considered were held to be coincident with a field of operation for both. In Mobile v. Smith, 223 Ala. 480, 136 So. 851, the court was dealing with two statutes under both of which there were jurisdictional and contractual questions. In Marengo County v. Wilcox County, 215 Ala. 640, 112 So. 243, the rule regarding the construction of statutes, passed at the same session of the Legislature, as being in pari materia is stated to be to harmonize seeming conflicts. In the instant case there is no occasion for construction. The Act of July 22, 1931, in plain terms repeals juvenile courts in counties coming within its terms.

▆▆ If it can be contended that the Act of July 22, 1931, supra, is local, for the reason that it affects only one county in the state, the answer is that the act which it seeks to repeal is also local and for that reason void, as would also be the Act of February 26, 1931 (Gen. Acts 1931, pp. 132–148), which applies only to Montgomery county. But, as we have already seen, under the decisions of our Supreme Court, the act of 1927, as amended by the act of 1931, supra, creating the juvenile court of Mobile county, is general and being of similar application it follows that the repealing act of 1931, supra, is also general. We are cited in brief of counsel to the rule of construction laid down in R. C. L., p. 960, par. 216. This rule has always been followed by the courts of this state. But, in applying this rule, or any other, the intention and meaning of the Legislature must primarily be determined from the language of the statute itself and not from conjectures aliunde. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory construction. This repealing statute was plainly intended to be general and it pointedly and specifically abolished certain juvenile courts and this court would not be justified in placing such a construction upon the enactment as to circumvent the purpose of the Legislature. It follows that the defendant's motion to quash should have been granted.

▆ The defendant was charged by affidavit with desertion and willful neglect of his child under the age of eighteen years, he being then in necessitous circumstances, etc. To this defendant interposed the general plea of not guilty and two special pleas, as follows:

"2. For further answer to the complaint defendant avers that he is a single man and is not married and never has been married to Margaret Lyons, the alleged mother of said child, and that he has never been judicially determined in any bastardy proceeding to be the father of said child.

"5. Comes the defendant and for further answer to the complaint says that he is a single man and is not married to and never has been married to Margaret Lyons, the alleged mother of said child, and that there has never been determined in any bastardy proceeding that he is the father of said child, nor does he now acknowledge said child as his own."

The state took issue on these pleas and the evidence without dispute sustained each of them. On these pleas the defendant was entitled to an instructed verdict.

It becomes unnecessary to pass upon other questions presented.

The judgment is reversed and the cause is remanded.

Reversed and remanded.