162 So. 120

**YOUNG WOMEN'S CHRISTIAN ASS'N OF PLAINFIELD, N. J., v. GUNTER et al.**

**3 Div. 135.**

Supreme Court of Alabama.

June 6, 1935.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

522

Jas. S. Parrish, John L. Goodwyn, and Rushton, Crenshaw & Rushton, all of Montgomery, for appellees.

BROWN, Justice.

By two local acts of the Legislature, approved August 26, 1927, the boundaries of the city of Montgomery were so altered, rearranged, and extended as to embrace within the boundaries of said city all the territory theretofore embraced within the corporate limits of the town of Capitol Heights. Local Acts 1927, pages 305–311.

Immediately after the approval of said acts, the corporate authorities of the city of Montgomery, in pursuance of the statutes in such cases provided, assumed jurisdiction over said territory; took over all the property and rights of the said town, and have assessed and collected the taxes in said territory. Browder v. Board of Com'rs of City of Montgomery et al., 228 Ala. 687, 155 So. 366.

Prior to the passage and approval of said local acts, the town of Capitol Heights, complying with the provisions of section 222 of the Constitution, issued and sold fifty bonds of the par value of $1,000 each, payable to bearer on September 1, 1933, for the purpose of erecting waterworks to supply water to said municipal corporation and its inhabitants, and for repairing, extending, and enlarging such system of waterworks, as authorized by an act of the Legislature approved August 26, 1909 (Acts 1909, Sp. Sess., p. 188), and a resolution duly and regularly adopted by the town council.

After the maturity of said bonds the petitioner, appellant here, claiming to be the owner of twenty-five of said bonds, presented the same for payment to the municipal authorities of the city of Montgomery, and payment was refused. Thereupon appellant filed the petition in this case for the issuance of a writ of mandamus to compel the city authorities of the city of Montgomery to pay the same.

In their answer to the petition, the respondents, appellees, set up two defenses: First, that the petitioner is not the owner of said bonds; and, second, that it was not within the competence of the Legislature, in view of section 222 of the Constitution of 1901, to impose on the city of Montgomery liability for the payment of the indebtedness evidenced by said bonds as an incident to the extension of the boundaries of said city, and therefore section 1827 of the Code of 1923, if construed to apply to said indebtedness, violates said section of the Constitution.

The answer further alleges: "That heretofore, to wit, in April, 1933, these respondents, as members of the Board of Commissioners of the City of Montgomery adopted an ordinance, which was amended in October, 1933, providing for the issuance of bonds of said City of Montgomery, Alabama, in the total amount of $50,000.00 for the purpose of refunding said Water Works Bonds issued by the Town of Capitol Heights; that in an opinion by the Supreme Court of Alabama in a suit in equity instituted by W. M. Browder against the Board of Commissioners of the City of Montgomery, Alabama, reported in Volume 228 of the reports of the Supreme Court of Alabama, at pages 687 to 689, inclusive, 155 So. 366 the said Supreme Court of Alabama held that said refunding bonds became by operation of law the debt and obligation of said City of Montgomery, but respondents further show to the Court that in said opinion of the Supreme Court of Alabama it was assumed that section 1827 of the Code of Alabama was a legal and constitutional statute and the point raised by said bond expert attorneys, Reed, Hoyt & Washburn, hereinabove referred to, was not raised or considered by said Supreme Court in said case. Respondents admit that if Section 222 of the Constitution of Alabama is construed by the Supreme Court of Alabama to require bonds issued by the Town of Capitol Heights to become the obligations of the City of Montgomery as if such bonds had originally been issued by the City of Montgomery, or, if not so originally issued, later ratified and ap-

proved by the voters of said city, then the City of Montgomery should pay said bonds with the interest thereon according to their terms. Respondents are further advised by counsel and believe and upon such advice and belief aver and show to the Court that the determination of this question in an independent proceeding and the rights of the holders of said bonds judicially ascertained before they would be entitled to a writ of mandamus as prayed for in the petition. * * * that on account of the doubt thus raised as to said bonds being an enforceable obligation of the City of Montgomery, said city has been unable to sell or dispose of the refunding bonds issued by it with which to take up said original issue of water works bonds of the said Town of Capitol Heights; that respondents are anxious to have the doubt thus raised judicially and finally settled at the earliest possible moment. If the courts of Alabama hold that such bonds are valid, legal, binding obligations of the City of Montgomery, then the said city will be able to sell said refunding bonds and with the proceeds of such sale will be able to pay off and retire the original issue of bonds. * * * Respondents admit that some of said bonds were presented for payment to the City Treasurer of the City of Montgomery by an attorney representing petitioner and that payment thereof was demanded and that payment was refused, and show to the Court that the refusal to pay said bonds was because of the matters and things set forth in the next preceding paragraph hereof, and that the reason for such refusal was fully explained to the attorney representing petitioner who presented same."

Their answer or return to the alternative writ does not aver that the city of Montgomery is not in funds sufficient to meet its obligations; nor is the answer verified by affidavit.

Mandamus is a civil proceeding, and in cases such as this, where the claim of the petitioner has not been reduced to judgment, partakes of the nature of a bill in equity for specific performance. State of Alabama ex rel. Pinney v. Williams, 69 Ala. 311, 315; State ex rel. Gaston v. Cunninghame et al., County Com'rs, 216 Ala. 423, 113 So. 309.

█ The petitioner's ownership of the bonds, the foundation of the petitioner's right, not being denied by sworn plea or answer, it was not incumbent on the petitioner to prove such ownership other than by the production of the bonds in court and offering them in evidence. Code 1923, § 9471; Paige et al. v. Broadfoot, 100 Ala. 610, 13 So. 426.

█ In the absence of constitutional limitation, the Legislature has plenary power to deal with subordinate agencies of the state, such as counties and municipal corporations, and unless it can be said that section 222 of the Constitution of 1901 denies legislative competence, it cannot be doubted that the Legislature, as an incident to the alteration and extension of the corporate limits of the city of Montgomery so as to embrace the entire territory incorporated as the town of Capitol Heights, had the power and authority to impose on said city the existing financial obligations of said town. The effect of such legislation was to disincorporate the town of Capitol Heights, and transfer all of its property to the city of Montgomery with the right to tax the inhabitants of said territory. City of Ensley et al. v. Simpson, 166 Ala. 366, 52 So. 61; Cullman County v. Blount County, 160 Ala. 319, 49 So. 315, 18 Ann. Cas. 322; Browder v. Board of Com'rs of City of Montgomery et al., 228 Ala. 687, 155 So. 366; Board of Revenue of Jefferson County et al. v. Hewitt, 206 Ala. 405, 90 So. 781; 43 C. J. p. 142, § 121; p. 143, §§ 122, 123; p. 279, § 301; p. 287, § 305.

The limitation imposed by section 222 of the Constitution is that "no *bonds shall be issued under authority of a general law* unless such issue of bonds be first authorized by a majority vote by ballot of the qualified voters of such county, city, town, village, district, or other political subdivision of a county. * * * This section shall not apply to the renewal, refunding, or reissue of bonds lawfully issued." (Italics supplied.)

Clearly there is nothing in this section that impinges or limits the power of the Legislature to require the city to pay the existing obligations of the town, as an incident to the extension of the city's boundaries.

The Legislature on the other hand is denied, by the provisions of sections 22 and 95 of the Constitution of 1901, the power of impairing the obligation of contracts, either by abolishing the obligor or by destroying or impairing the remedy for their enforcement, and in the absence of express provisions in the statute altering or rearranging the boundaries so as to enlarge one

city or town and destroy another, or previous legislation to that effect, these provisions of the Constitution, it would seem, ex proprio vigore impose on the municipality accepting the benefits under such legislation a moral obligation to pay the indebtedness of the municipality so destroyed. City of Ensley et al. v. Simpson, supra.

We are therefore clear in our conclusion that section 1827 of the Code does not violate said section 222 of the Constitution, and by force thereof the city of Montgomery is liable for the indebtedness evidenced by said bonds. Cullman County v. Blount County, supra.

■ The contention of appellees, that the petitioner should first establish the validity of said bonds by a plenary action at law or suit in equity, before applying for a writ of mandamus, is fully answered by the holding of this court in the case of J. B. McCrary Co. v. Brunson, Mayor, et al., 204 Ala. 85, 86, 85 So. 396, where it was observed: "In the federal courts the rule is as indicated by the ground of demurrer [that the validity of the claim must first be established by judgment or decree], but that is because in those courts the writ of mandamus can only be granted in aid of an existing jurisdiction. There a judgment at law on the indebtedness is necessary to support the writ, which is granted as in the nature of an execution to carry the judgment into effect. Bath County v. Amy, 13 Wall. 244, 20 L. Ed. 539. But that is not the rule of this court. * * * Mandamus will not lie to compel the payment of unliquidated claims; but the bond which relator would collect, undenied, imports definite and fixed liability, and will support the writ."

The only ground on which liability was resisted, as we have shown, is not that the indebtedness was unlawfully created, but that the statute which imposed the liability on the city of Montgomery is unconstitutional—a question of law concisely presented by this proceeding.

■ As before stated, there is nothing in the answer indicating that funds to pay the bonds were not available. If such was the condition of the city treasury, the burden rested on the respondents to plead this as a defense. State ex rel. Gaston v. Cunninghame et al., County Com'rs, 216 Ala. 423, 113 So. 309; Hagan et al. v. State ex rel. Batchelor, 207 Ala. 514, 93 So. 600.

In the absence of such defense, the question of continuous supervision by the court does not arise. The petitioner was entitled to a peremptory mandamus requiring the payment of the bonds.

The rulings and judgment of the circuit court are not in accord with these views and must be reversed, but in view of the fact set up in the answer, that the sale of the bonds issued to refund the indebtedness has been held up because of the doubt as to the constitutional validity of section 1827 of the Code, we exercise our discretion to remand the cause for further proceedings, not inconsistent with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.