8 So.2d 843

### MARSHALL v. MARSHALL.
### 7 Div. 697.

Supreme Court of Alabama.
June 5, 1942.

Rehearing Denied June 30, 1942.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

Motley & Motley, of Gadsden, for appellee.

**GARDNER, Chief Justice.**

This cause was submitted for final decree on the bill, decree pro confesso against defendant and upon the evidence noted. The Chancellor granted complainant a divorce from her husband on the ground of adultery alleged in paragraph 3 and established a resulting trust in an one half interest in the house upon the averments of paragraph 4 and the proof in support of these paragraphs.

Any amendable defects in the bill were waived by failure to interpose demurrer. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685. True, in order to sustain the decree no essential fact is to be supplied by intendment. 21 C. J. 801; 30 C.J.S., Equity, § 673; Hodges v. Birmingham Securities Co., 187 Ala. 290, 65 So. 920; National Building & Loan Association v. Ballard, 126 Ala. 155, 27 So. 971; Browder v. Board of Commissioners, 228 Ala. 687, 155 So. 366.

Upon the matter of divorce we think it clear enough the averments of the bill and the proof, which contained of course much more details of facts, sufficed to sustain the decree rendered. Coleman v. Coleman, 198 Ala. 225, 73 So. 473.

In paragraph 4 it is shown that complainant and defendant "jointly purchased the house and lot number 813 Plum Street in the City of Gadsden", and that complainant paid one half the purchase price, though title to the whole was taken in defendant's name. Though the averments in this respect were somewhat meager, yet they were sufficient to sustain the decree of a resulting trust.

The proof shows defendant violated his agreement with complainant when he took title to the entire lot in his own name. Of course, as argued by counsel for defendant the rule of resulting trust depends upon the equitable presumption of intention. Cawthon v. Jones, 216 Ala. 260, 113 So. 231; Montgomery v. McNutt, 214 Ala. 692, 108 So. 752. But it is also the well settled general rule that presumably "when land is purchased by one, with the money of another, a trust results to him, who advances the purchase money, though the title be taken in the name of the person, making the purchase, or in the name of a third person". Taliaferro v. Taliaferro's Heirs, 6 Ala. 404; 65 C.J. 386.

Such a presumption will not arise however, when the conveyance is to the wife with purchase by the husband, as he is considered under legal or moral obligation to make provision for her, and a gift will be presumed. 65 C.J. 403; Montgomery v. McNutt, supra. Otherwise, however, when conveyance is to the husband and the purchase money is paid by the wife. There is no such presumption of a gift, and the general rule has application. 30 C.J. 708.

The presumption giving rise here to a resulting trust is of course a rebuttable one, for after all as previously observed, it is a matter of intention. 65 C. J. 407. But in the instant case there is nothing by way of rebuttal and the evidence fully sustains the theory of the bill.

There is suggestion in brief for defendant that a copy of the bill was not shown to have been served on defendant as required by Equity Rule 5, Title 7 Appendix, Code 1940. The record discloses a summons to defendant was issued directed to the sheriff for service and a copy of the bill attached thereto, and in making return the sheriff stated, "executed by handing defendant a copy of the within, on the 4th day of Sept. 1941. Henry W. Smith, Sheriff". A "copy of the within" indicated the summons and a copy of the bill attached thereto.

We have stated enough to demonstrate, we think, that this insistence is without merit.

Upon consideration of the record we find no error to reverse and the decree will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.