249 So.2d 855

**Gus J. PROSCH, Jr.**

v.

**Elizabeth Holder PROSCH.**

8 Div. 36.

Court of Civil Appeals of Alabama.

April 14, 1971.

Rehearings Denied May 12, 1971.

Traylor, Baker & Cole, Fort Payne, for appellant.

Thomas & Proctor, and H. T. Foster, Scottsboro, for appellee.

WRIGHT, Judge.

Bill of complaint for divorce and various other forms of relief were filed by Elizabeth Holder Prosch against Gus J. Prosch, Jr. The original bill was amended to add as parties defendants Irene Grace Prosch, Jewell Darwin Grant, J. C. Jacobs Banking Company, Inc., and Hamilton National Bank. These latter defendants were mortgagees or lienees of certain real estate to which title was jointly in Mr. and Mrs. Prosch. It was prayed that this real estate, a farm of some 365 acres, be sold for division with all mortgages and liens being paid from the proceeds prior to division of the remainder.

To the bill of complaint of Mrs. Prosch, Mr. Prosch filed an answer and cross-bill alleging that the joint interest of Mrs. Prosch in the farm had been obtained by fraud and misrepresentation. In the prayer of the cross-complaint Prosch asked that the court determine that Mrs. Prosch held title to her joint interest as trustee for him under a constructive trust, and that her title be divested from her and into him. There was further relief sought by Prosch, such as an accounting of funds from an alleged business partnership, and a divorce on the grounds of cruelty and adultery.

The remaining defendants, other than Irene Grace Prosch, filed answers but sought no affirmative relief. Irene Grace Prosch filed a cross-complaint alleging her mortgage due and unpaid and prayed for foreclosure and payment from proceeds of the sale.

The charges and counter-charges in the bill of complaint and cross-complaint of Mr. and Mrs. Prosch were many and varied. The testimony included even more multitudinous charges. The evidence was heard orally before the court and was continued from time to time over a long period, beginning on December 20, 1967, and ending December 17, 1969. Decree was entered June 11, 1970.

By its decree the trial court granted to Mrs. Prosch a divorce on grounds of cruelty. It found the real estate described in the bill of complaint to be jointly owned by Mr. and Mrs. Prosch, that it could not be equitably partitioned in kind and ordered a sale for division. The proceeds from such sale were directed to be used first to pay the mortgage and lien holders, after which the balance remaining was to be equally divided between Mr. and Mrs. Prosch. The register was directed to

hold a reference to determine the amount due on each indebtedness.

Assignments of Error 1, 2, 3, 4 and 6 are jointly argued in brief, and their effect collectively is to charge that the trial court erred in its finding that no constructive trust was created in favor of Prosch by his conveying to Mrs. Prosch an undivided one-half interest in a farm which he owned prior to their marriage, and which conveyance he alleged was fraudulently obtained by Mrs. Prosch promising to reconvey after repayment of a loan for $2,000.

The facts alleged and testified to by appellant, Gus Prosch, in support of his prayer for impressing a constructive trust upon the one-half interest of appellee in the farm were, in essence, as follows: Appellant owned the farm in question at the time of his marriage to appellee. There was a large purchase money mortgage thereon which came due in annual payments. After the marriage a payment became due and appellant was without funds to pay it. Appellee was informed of the lack of funds to make payment. She arranged with the mortgagee, Mrs. Grant, to accept part payment by reconveyance to her of approximately fifteen acres of the land. For such reconveyance a credit of $2500 was to be given on the mortgage payment due. The total due was $4500. Appellee informed appellant of her arrangement with Mrs. Grant, and further informed him that she could raise the remaining $2000 from her own resources and would do so if appellant would convey to her a half interest in the remainder of the farm.

The payment due to Mrs. Grant was paid in the manner proposed by appellee. Foreclosure was avoided. Appellant conveyed to appellee an undivided one-half interest in the farm. To this point, the facts related above are undisputed. This appears to be one of the few areas of actual agreement between the parties throughout the case.

It was appellant's testimony that he agreed with appellee that he would convey her a half interest in the farm only upon her promise that she would reconvey such interest to him upon repayment of the $2000. He stated that appellee also agreed to make a will contemporaneously with his conveyance of the half interest in the farm. The will to be in favor of his children for her interest in the farm.

It was admitted by appellant that at the time he made the conveyance appellee had not made such will, and refused to do so. He signed the deed anyway. Appellee denied there was any agreement for a will or reconveyance, but that they were to complete payment for the farm as a joint effort.

After hearing the voluminous testimony the trial court determined that the appellant had failed to carry the burden of establishing a constructive trust. The court in the decree correctly defined the burden of appellant as follows: "Where a person seeks to impress a constructive trust upon land the burden is upon him to show by clear and unequivocal evidence the elements of the trust."

■ The evidence must not only be sufficient to clearly establish the elements of the trust, but must in addition, be strong enough to overcome the presumption that a conveyance to the wife by the husband of lands purchased by him is in fulfillment of his legal and moral obligation to provide for her, and is therefore a gift. Marshall v. Marshall, 243 Ala. 169, 8 So.2d 843; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244.

■ Our review of the conclusion of the trial court from the evidence is accompanied by a presumption of correctness unless such conclusions are contrary to law or are plainly and palpably wrong. Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339. The evidence, or lack of evidence, pertaining to the circumstances of the conveyance from appellant to appellee fails to convince us

that the finding of the learned trial judge was plainly wrong.

■ Assignment of Error 5 challenges the correctness of the trial court in sustaining objection to a question posed by his attorney to appellant. The question was asked seeking testimony as to other agreements between appellant and appellee relating to consideration for the conveyance other than the $2000. We do not consider it necessary to determine the correctness of the court's ruling. We have carefully examined the testimony and find that substantially the same question was subsequently asked and answered without objection. Thus there can be no injury to appellant from the court's ruling. Appellant must not only establish error but resulting injury. Garrison v. Grayson, 284 Ala. 247, 224 So.2d 606; Royal Insurance Co. v. Story, 34 Ala.App. 363, 40 So.2d 719, cert. denied 252 Ala. 275, 40 So.2d 724.

By Assignment of Error 7, appellant attacks that part of the decree which ordered the Proschs' jointly owned farm to be sold for division. The court found from the evidence that there could be no partition in kind.

We have carefully reviewed the evidence of appellee in respect to proof of the allegation contained in her bill of complaint that the farm was incapable of partition in kind, and her prayer for sale and division of the proceeds. We are also cognizant of the fact that there are parties defendant who are mortgagees with mortgages due and unpaid. We are aware that one of the mortgagees, Mrs. Irene Prosch, filed a cross-complaint praying for foreclosure of her second mortgage.

We are also aware that the first mortgagee, Mrs. Grant, did not request foreclosure, and though Mrs. Prosch requested foreclosure, her testimony in support of her cross-complaint was that part of the indebtedness secured had been paid and that she only wanted what appellant wanted. If he did not want the mortgage fore-

closed she did not desire it. Obviously, appellant does not wish foreclosure requiring sale for division. Since it appears clear from the testimony that a sale of the property is unnecessary to settle or adjust equities between the parties, the general equity power of the court is not invoked for that purpose.

The sale was not ordered for the purpose of awarding alimony in gross nor was it necessary to protect the security of the mortgage holders. Partition in kind, if ordered, would in no way affect the security of prior mortgagees of the whole estate. We therefore must determine from the pleading and proof if the decree as to sale and distribution may be sustained. We do not consider the decree insofar as it orders sale of the farm and distribution of the proceeds therefrom so sustained.

■ Under the provisions of Title 47, Section 186, Code of Alabama 1940, partition of land between joint owners is a matter of right, but the alternative right to have the land sold for division is statutory, and as a basis for the latter relief it must be proven that a fair and equitable partition in kind cannot be made. Meador v. Meador, 255 Ala. 688, 53 So.2d 546; Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Raper v. Belk, 276 Ala. 370, 162 So.2d 465.

■ The burden of proving that the farm jointly owned by the parties could not be equitably divided or partitioned in kind between them was upon appellee. Until such burden was met there was no right to have the farm sold for division. We can find no evidence or reasonable inference sufficient to sustain a conclusion that the farm could not be equitably partitioned. Appellee's only evidence to the point was that she did not think it could be partitioned, but she knew nothing of such matters. There was opinion testimony of appellant and another witness that it could be so partitioned. However, it was not the burden of the appellant to prove that the property could be partitioned, but the burden of appellee to prove that it could not

be equitably partitioned before any right could arise to sale for division. We are of the opinion that there was insufficient proof to meet the burden, and that a sale for division should not have been ordered by the trial court.

Therefore, the decree of the trial court is affirmed except that part directing a sale of the real property described therein and the division of the proceeds of such sale among the various parties. That part of the decree is reversed and set aside and the cause remanded.

Affirmed in part, reversed in part and remanded.

## ON REHEARING

On rehearing—application of appellant denied. Application of appellee denied—opinion extended.

Appellee on rehearing insists that our reversal in the original opinion of that portion of the trial court's decree directing sale of the jointly owned real property for division and payment of various mortgage indebtedness is incorrect. In support of her contention she presents the cases of Owens v. Owens, 201 So.2d 396, 281 Ala. 239; Killingsworth v. Killingsworth, 226 So.2d 308, 284 Ala. 524. Appellee further contends that the case of Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, is distinguished by Owens v. Owens, supra, and has no application to the instant case.

We agree that the rule of Bernhard is distinguishable from Owens and Killingsworth and is not applicable to this case on the facts.

We think that the decisions in Owens and Killingsworth are misinterpreted by appellee. We further are of the opinion they have no application to the instant case because the rule applied there is distinguishable on the facts from the instant case.

Bernhard does not apply here because the parties there were joint tenants with right of survivorship. The parties here are merely joint tenants, each owning an undivided one-half interest of the whole.

An examination of Owens and Killingsworth will disclose that the parties sought the assistance of the court in effecting a property settlement, payment of costs, attorney fees and adjusting various equities arising out of the marriage relationship. In addition, the properties involved were houses and lots which clearly could not be divided or equities therein adjusted without a sale thereof. The decree of the court was necessary to adjust those equities. Clearly a court of equity in a divorce case has power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Such is the rule stated by the Supreme Court in Owens and Killingsworth.

In the instant case the court by its decree found it unnecessary from the evidence to adjust any equities between the parties. There was no transfer of properties between the parties and no decree for alimony or support. Though there were in the bill and cross-bill various claims of one against the other as to rights in property and monies the court decreed that these were unsupported by sufficient evidence, and the decree specifically stated that it left the parties, as to such claims, exactly where it found them.

The aspect of the bill of complaint of appellee seeking sale and division did not claim a need for sale to adjust equities or for effecting a property settlement, but stated only that the sale was requested because the property could not otherwise be equitably divided.

The decree of the court stated that the sale was being ordered only because it found from the evidence that the property could not be equitably divided in kind.

Since the aspect of the bill for sale and division sought sale only because the property could not be otherwise divided, and the decree of the court ordered sale only because it found the property could not

otherwise be divided, we think the issue was brought squarely within the provisions of Title 47, Section 186 of the Alabama Code.

■ We do not believe the intent of *Owens* and *Killingsworth* is to extend the powers of a court of equity to order land sold for division beyond that granted in Title 47, Section 186 merely because it is requested as one aspect of a bill for divorce. We think in such a case there must be present in the pleading and proof a showing of necessity for such sale due to need for settlement of property rights, adjustment of equities or payment of alimony in gross, support or attorney fees.

We attempted to make our ruling on this point clear by the second paragraph on page 859 of our original opinion. We further stated that our reversal of that part of the decree directing the sale and division was because there was no substantial evidence to support the court's finding that the property could not be equitably divided in kind.

Application of appellant denied. Application of appellee denied. Opinion extended.