This is a divorce case. The present sole issue is whether the trial court abused its discretion in awarding periodic alimony to the wife. The decision of the trial court is affirmed.
Viewing the record with the attendant presumptions, the following pertinent evidence was presented: The parties had been married for twenty-nine years. Two children, both now apparently adults, were born of the marriage.
The wife completed the tenth grade in school. She never worked during the marriage, except when she occasionally assisted the husband, who is a brick mason. She has no formal job training. She now washes dishes at a restaurant for three and one-half hours a day at the rate of $2.75 per hour. Not including any estimated expenses for medical, dental, insurance of any kind, clothing, entertainment, beauty aids or vehicle upkeep, her other enumerated monthly expenditure totaled $440.
She testified that the husband injured a knee in an automobile accident in 1979, but that he continued to lay bricks on a regular basis until the summer of 1980, although he complained about his knee. A physician had provided a knee brace to him, but she had never seen him wear it.
For two and one-half years, the husband has been keeping company with a young lady. One and one-half years ago he moved from the family home in order to reside with his lady friend, and, in 1980, a son was born to them. The boy evidently draws aid to dependent children since the lady friend is "on welfare." The husband resides in his stepfather's trailer rent free, uses a vehicle belonging to his stepfather without cost to him, and, according to the wife, is employed by the stepfather.
For the last few years before his accident, he averaged around $30,000 in yearly income, but he testified that his annual average wages since his injury has been about $10,000. He states that his knee prevents him from obtaining some employment, and he anticipated that he would have a knee operation during the week following the trial. He contends that he cannot pay over $25 per week as alimony.
While the trial court had previously ordered the husband to make certain alimony, mortgage and car payments, pendente lite, he miserably failed in that respect and was in arrears a total of $10,800 at trial time. A judgment was rendered against him for that amount, and no issue is made in this court as to such matter.
After an ore tenus trial before the circuit court, that court ordered the husband to pay to the wife as temporary alimony the sum of $75 per week, hence this appeal.
An award of periodic alimony is a matter which rests within the sound discretion of the trial court and will not be disturbed on appeal except for a showing of plain and palpable abuse. Pugh v. Pugh, 406 So.2d 966 (Ala.Civ.App. 1981). In determining whether an award of alimony should be made, or in fixing the amount or duration thereof, many factors may be considered, including, but not being limited to, the following: the future earning prospects of the parties; their education, experience, job history and earning record; their health, station in life and needs; the duration of the marriage and the misconduct, if any, of the parties. Warren v. Warren,386 So.2d 1166 (Ala.Civ.App. 1980). In applying those criteria to the present case, we find no abuse of discretion by the trial court in the award of periodic alimony or in the amount thereof. The trial court was not clearly and palpably wrong.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975) and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 102