, EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
The wife’s complaint, among other relief, sought a divorce, periodic alimony and “a fair and equitable property settlement of the property acquired” by the parties during their marriage. As to the present issues, the final judgment divorced the parties for incompatibility of temperament and ordered the husband to pay to the wife $52 each week as alimony. Their home and the two rural acres upon which it is situated was ordered sold, with the net proceeds realized therefrom to be divided equally among the parties after first paying the mortgage indebtedness against it and the expenses of the sale. The wife appealed and raises three issues for our decision.
She first says that the amount of alimony which was awarded to her was inadequate.
The contested trial was conducted before the trial court. In viewing the evidence there produced in accordance with the attendant presumption of correctness which attaches to that court’s ruling, we find the following facts as being pertinent to this issue: The parties were married in 1960 and separated in April 1981. They had one child who has reached his majority.
The husband has high blood pressure.
The wife’s physician testified that she was then physically able to work but that she suffers from a nervous disorder which he characterized as “anxiety-depressive reaction,” which in his judgment resulted from her marital problems. While he could give no opinion as to her probable future *123 emotional condition, the doctor stated that psychotherapy, drug therapy and the end of their marital discord through a divorce should improve her condition. While the physician had not treated the wife for the preceding eight months, he stated that she could presently work in employment which involved neither production work nor mental stress.
When the parties married the wife was a licensed practical nurse, but she did not maintain that license after their son was born. She next did production work for nine years. In 1979 and 1980 she performed some home nursing of ill patients on a part-time basis. In August 1981, the trial date, the wife was unemployed and received food stamps of $70 per month.
The husband is a maintenance man—mechanic. His take-home pay, including a credit union deduction, varies from $274 to $294 per week. The divorce judgment ordered him to pay notes and open accounts totaling around $5,200. His bank account at trial time was small.
The amount awarded as periodic alimony rested within the sound discretion of the trial court, and we are not allowed to disturb that decision unless there was a plain and palpable abuse of judicial discretion. Kennedy v. Kennedy, 410 So.2d 100 (Ala.Civ.App.1982); Mack v. Mack, 402 So.2d 1038 (Ala.Civ.App.1981). It is not distinctly obvious that the alimony awarded to the wife was inadequate. We have carefully considered all of the pertinent trial evidence in view of the presumption that the trial court was correct in its alimony award, and we are not persuaded that the trial court abused its discretion in that respect. To here raise the amount of the weekly award would be an unauthorized substitution of our judgment for that of the trial court.
The wife next contends that the circuit court abused its discretion in ordering the sale of their jointly owned home without there being evidence of the necessity of a sale and, to support that contention, she cites Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855, cert. denied (appellee’s) 287 Ala. 740, 249 So.2d 860, cert. denied (appellant’s) 287 Ala. 740, 249 So.2d 861 (1971).
In 1967 the wife’s mother conveyed the two acres of land to the parties jointly. They constructed a house on that lot that same year. The evidence as to its present market value varied from $28,000 to $40,-000. The payoff of the house mortgage was $9,300 in August 1981. This two acre tract was ordered sold by the court.
The issue as raised by the wife was decided contrary to her argument in Gwin v. Gwin, 55 Ala.App. 597, 318 So.2d 296 (1975), where it was stated:
Appellant also says that there was no proof that an equitable partition could not have been made between the joint owners and cites our case of Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855, cert. den. (appellee’s) 287 Ala. 740, 249 So.2d 860, cert. den. (appellant’s) 287 Ala. 740, 249 So.2d 861. In the Prosch case, the property in question consisted of 365 acres of farmland and we did hold that there must be proof that partition in kind could not be made prior to the execution of a property sale. We think it rather obvious that when the evidence shows that the property ordered to be sold for division is a dwelling house on a city lot, proof exists that an equitable partition could not be made.
It is not unreasonable to hold that where the evidence shows that the property ordered to be sold for a division is a house and two acre tract in a rural area, that evidence alone constitutes the requisite proof that an equitable partition could not be made.
Additionally, the Prosch case itself clearly states that where a house and lot is involved in a divorce action and the parties have sought the assistance of the trial court in effecting a property settlement, the trial court may order its sale in adjusting the equities of the parties since that kind and nature of property clearly could not be divided.
Here, the sale, as ordered, was one reasonable means which could be utilized in *124 order to effect a just property settlement as requested by the wife in her complaint. Again, we find no abuse of the trial court’s judicial discretion.
Lastly, the wife complains that the trial court should have partitioned eighteen acres of land but did not mention that property in the final judgment.
The wife’s mother, in 1975, conveyed a remainder interest in the eighteen acres jointly to the parties. The husband, with the wife’s assistance, subsequently cleared, fenced and placed it in permanent pasture. In the deed the grantor reserved a life estate in that property for herself and for the grantor’s husband. That pasture land was estimated by the husband to be worth between $700 and $800 per acre.
Each party still retains the same right, title, claim or interest which they received through the 1975 deed. “When the trial judge did not alter ownership, that, in and of itself, disposed of the issue. In a divorce action, there is no requirement that the joint ownership of property by the parties be abolished and that title be vested in only one spouse.” Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ.App.1980). Since their joint remainder interest was left undisturbed and since two others own life estates in the eighteen acres, we cannot say that no present division thereof was not an equitable and just solution at this time.
We find no error and affirm. The wife’s request for the award of an attorney’s fee upon this appeal is denied.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.