RUSSELL, Judge.
This is a divorce case.
On March 2, 1989, the wife filed a complaint for divorce in the Circuit Court of Madison County. Pending a final determination, an award of pendente lite alimony in the amount of $800 per month was awarded to. her.
A final decree divorcing the parties was entered by the circuit court on August 9, 1989. According to its terms, the wife was awarded the exclusive right of redemption of the parties’ marital home, which was sold by foreclosure sale in April of 1989; periodic alimony in the amount of $800 per month; .possession of a 1987 Cadillac; and an attorney’s fee in the amount of $3,700.
The husband was also ordered to transfer to the wife two shares of common stock held by him in a closely-held corporation, thus making her the majority stockholder in said corporation. Furthermore, the wife was awarded a one-fourth ownership interest in any broadcasting license that the husband may be awarded in the future. The husband appeals. We affirm in part and reverse in part.
The husband contends that the circuit court erred in awarding to the wife a one-fourth interest in any broadcasting license that he may, in the future, obtain. He further asserts that the circuit court abused its discretion in effecting the property settlement ordered by the divorce decree and in awarding periodic alimony and an attorney’s fee.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, the trial court is afforded broad discretion in ordering a division of marital property and in awarding alimony and will not be reversed absent a showing of an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986); Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Various factors also exist which a trial court may consider in determining an award of periodic alimony, including the financial circumstances of the parties, the duration of the marriage, the parties’, future prospects, and, where appropriate, the fault of the parties. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
With respect to the circuit court’s award to the wife of an interest in any broadcasting license that the husband may obtain, we find that such license or licenses are not marital property subject to division by the trial court as contemplated by § 30-2-51, Ala.Code 1975 (1989 Repl.Vol.). Rather, we find that the husband merely possesses an expectancy that such a license or licenses will be grantéd.
The circuit court heard testimony that the husband had, in fact, applied for such a license and that its value, as estimated by him, ranged from $100,000 to $300,000. However, there is no guarantee that his application will be granted. Furthermore, at the time of divorce, he possessed no enforceable right to, nor did he have any vested interest in, such a license. Therefore, we find that the circuit court erred in construing any future grant of a broadcast *1063 ing license to be marital property subject to division.
The husband next contends that the circuit court abused its discretion in ordering a division of property, other than an interest in any future broadcasting licenses obtained by him, and in awarding periodic alimony and an attorney’s fee. We disagree.
We pretermit a detailed recitation of the evidence in view of the fact that it would add little or nothing to the vast amount of case law addressing this subject. Suffice it to say that, considering the parties’ twenty-seven-year marriage; the age of the parties; the fact that, with the exception of a brief period in 1988, the wife has not worked outside the home during the course of the marriage; and that the wife possesses only a ninth-grade education, we cannot conclude that the division of property and the $800 award of monthly alimony constitute an abuse of the circuit court’s discretion. See Kennedy v. Kennedy, 410 So.2d 100 (Ala.Civ.App.1982).
Finally, we recognize that a trial court is also afforded broad discretion in awarding attorney’s fees in divorce cases. Click v. Click, 521 So.2d 67 (Ala.Civ.App. 1988). Consequently, we do not find that, in this instance, the circuit court abused its discretion in awarding an attorney’s fee in the amount of $3,700.
In view of the above, this case is due to be affirmed in part, reversed in part, and remanded with instructions for the circuit court to enter an order consistent with this opinion.
The wife has requested an attorney’s fee for representation on appeal.. The request is hereby denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.