ON APPLICATION FOR REHEARING
ROBERT P. BRADLEY, Retired Appellate Judge.
The opinion of this court issued on February 27, 1991 is withdrawn, and the following is substituted therefor.
This is a divorce case.
On October 6,1987 Jennifer Renae Dunn Farthing (wife) filed a complaint for divorce from James Vance Farthing (husband) in the Circuit Court of Houston County, Alabama. On December 4, 1987 the wife filed a motion for service of process by publication. The motion was granted on December 5, 1987 and notice by publication was effectuated from December 17, 1987 to January 7, 1988. Pursuant to this notice, the husband filed an answer and counterclaim on April 27, 1989. The wife filed an amendment to the complaint on November 22,1989, and the husband filed a motion to dismiss this amendment on November 28, 1989.
*289 After ore terms proceedings on November 29, 1989 and November 30, 1989, the trial court entered the final decree granting the divorce and equitably dividing the property of the parties. Included in the wife’s share of the property was $20,000 from the sale of land held in the husband’s name. The defendant filed a motion for new trial on December 11, 1989, challenging the property settlement. The trial court requested memorandum briefs and, after these were submitted and duly considered, the trial court denied the motion for new trial. The defendant appeals.
The trial court in a divorce case has the power to use any reasonable means to effect a just property settlement and to adjust the equities between the parties. Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App.1982). Where evidence in the case is presented ore tenus, the trial court’s judgment in dividing property is presumed to be correct and will not be disturbed upon appeal absent a showing of plain and palpable error. Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985).
The husband argues that the trial court abused its discretion by awarding the wife $20,000 from the sale of land which he purchased prior to the parties’ marriage.
The record reveals the following chronological events: Prior to 1983, the husband and his five siblings each inherited a one-sixth interest in their family homeplace located in North Carolina. In 1983 the husband and wife first met, and they began cohabiting soon thereafter. In 1984 the wife was seriously injured in a car accident and filed a lawsuit for damages arising from the collision. In 1986 the wife received approximately $300,000 as a settlement of the lawsuit, and she gave the husband $45,000 of this money. The husband used part of this sum to buy the inherited shares of North Carolina property belonging to two of his siblings. The husband took title to the land solely in his name. With this purchase and his own inheritance, the husband then held an undivided one-half interest in the North Carolina property. In March 1987 the parties were married. The parties lived in wedlock for only a short time before separating in July of 1987. The wife then filed her petition for divorce.
While the divorce was pending, the husband was offered $60,000 to sell his one-half interest in the North Carolina property. The wife refused to execute the deed conveying her marital interest in the property. In order to further the sale, the husband agreed to hold $20,000 of the $60,-000 purchase price in escrow until the divorce was final, or until the wife agreed to sign the deed. Ultimately, the court awarded $20,000 to the wife as her property settlement from the marriage.
At trial, the wife testified that she gave the husband the $45,000, intending that he purchase his siblings’ two-thirds interest in the North Carolina land as a joint investment for the parties’ eventual retirement. The husband testified that the wife gave him the money as a gift, with no stipulation as to how the funds would be spent.
Conflicts in testimony in a divorce case are to be resolved by the trier of fact, whose judgment will be upheld unless it is plainly and palpably wrong. Dixon v. Dixon, 472 So.2d 1073 (Ala.Civ.App.1985). In this case, the trial court apparently found that the wife did not convey the money to the husband as a gift, but rather for the purpose of purchasing the land as a joint asset. There is evidence in the record to support such a conclusion by the trial court.
If the husband had carried out the wife’s intent, the land would have been a joint asset of the parties. Moreover, the trial court apparently found that the North Carolina property was owned by the parties prior to their marriage and that the proceeds from a sale thereof could be equitably divided between them as a property division of marital assets.
However, we do not find that this property was subject to division in the property settlement merely because the trial court apparently found that the property was owned by the parties prior to their marriage. Section 30-2-51, Code 1975, specifies which property of the parties may be *290 considered by the trial court in determining a property settlement:
“[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the trial judge finds from the evidence that such property, or income produced by such property, has been used regularly for the common benefit of the parties during their marriage.” (emphasis added)
This statute has generally been interpreted in cases involving a spouse’s solely owned property, Johnson v. Johnson, 414 So.2d 987 (Ala.Civ.App.1982); property given from one spouse to another, McLain v. McLain, 409 So.2d 852 (Ala.Civ.App.1981); or property acquired jointly by the parties after marriage. Cox v. Cox, 531 So.2d 1232 (Ala.Civ.App.1988). However, we find that property acquired jointly by spouses, prior to marriage, may also be part of each spouse’s separate estate and thus not subject to division. Section 30-2-51 specifically states that any property of the spouses acquired prior to marriage, unless used for the common benefit of the parties, is exempt from division in a property settlement. The statute contains no special qualification for property which the spouses acquire jointly prior to marriage but which is not used for the common benefit of the parties after marriage. Consequently, such property may not be divided pursuant to a property settlement under § 30-2-51.
We are mindful of the many cases which have stated that jointly owned property is subject to division or sale by the court, according to the equities of the case. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986); Clarke v. Clarke, 414 So.2d 121 (Ala.Civ.App.1982); Campbell v. Campbell, 51 Ala.App. 295, 285 So.2d 105 (Ala.Civ.App.1973); Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855 (Ala.Civ.App.1971); see generally 7A Ala Digest, Divorce 252 (1985). However, each of these cases involved the division of jointly owned property which was part of the marital estate; that is, jointly owned property used regularly for the common benefit of the parties during the marriage. In the instant case, the record shows that the North Carolina property did not produce income for the parties during their brief marriage, nor did the parties ever use the land for their common benefit. We therefore find that this property, though apparently deemed by the trial court to be jointly owned property, could not be so considered in a division of the parties’ marital property.
What we have said above should not be construed as precluding the wife from pursuing other legal and equitable remedies to possibly establish her right to some portion of the property in question or the right to recover all or a part of the money transferred to the husband to purchase the property.
That aspect of the trial court’s judgment awarding the wife $20,000 from the proceeds of a sale of the property in question as a property settlement is reversed and the cause remanded for entry of a judgment in accordance with this opinion.
The wife’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and RUSSELL, JJ., concur.
ROBERTSON, P.J., dissents.
ORIGINAL OPINION WITHDRAWN. OPINION SUBSTITUTED.